No. 12.—MASTIN M. LEVERETT, plaintiff in error, *vs.* WM. H. D. DISMUKES, defendant in error.

[1.] Both by Common Law, and by Statute, the person entitled to the estate of a decedent, is entitled to the administration.

[2.] Where the intestate leaves neither widow nor child, or children, or the representatives of children, nor father, nor mother, but a married sister who is his sole heir at law, and distributee, the husband of the sister is entitled to administration on his estate, in preference to the uncle, notwithstanding the latter is nearer in blood to the deceased.

[3.] By the Act of 1828, a *feme covert* is disqualified from acting as the representative of an estate during the *coverture,* and whenever the wife is excluded by reason of her marriage, the husband is entitled to be substituted in her stead.

Application for letters of administration. Appeal to Stewart Superior Court. Decision by Judge IVERSON, April Term, 1851.

This was a controversy as to the right to administration upon the estate of William Leverett, deceased. Wm. H. D. Dismukes, one of the applicants, married the sister of deceased. Mastin Leverett, the other applicant, was the uncle of deceased. Decedent left neither wife or child.

The Court of Ordinary granted the letters to Leverett—Dis-

Leverett *vs.* Dismukes.

mukes appealed—the Superior Court reversed the decision of the Ordinary, and this decision is assigned as error.

B. S. WORRILL, for plaintiff in error.

TUCKER and HARRISON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The controversy in this case is, who is entitled to letters of administration on the estate of Wm. Leverett, deceased? Wm. H. D. Dismukes claims, as the husband of the sister and only distributee of the deceased. Mastin W. Leverett applies, as the nearest of kin and only blood relative, who is capable of administering.

[1.] There being in this case neither widow nor child, or children, or the representatives of children, nor father, nor mother, it is clear that the sister, Mrs. Dismukes, is entitled to the whole estate of the deceased, real and personal. And the Statute of 1789 is explicit, "That the same rules shall obtain in regard to the granting letters of administration on intestate estates, as regulates the distribution thereof." *New Digest,* 305.

And it is a rule of the English law, no less than our own, that administration follows the right of distribution. *Toll.* 116. And the reason given, why the person having title to the estate, ought to have the adminstration is, because he is most interested and will take best care of it. 2. *Eq. Ca. Abr.* 423, *pl.* 5. *Ibid,* 425, *pl.* 15.

So far, indeed, is the doctrine carried, which gives the administration to the person entitled to the property, that although the Statute directs the husband or wife to be preferred, yet, their claim will yield when the estate is to go to other persons; as when by settlement, upon the death of the *feme,* her property is to pass to her representatives, to the exclusion of her husband, her relatives shall have the administration, in preference to the husband, or his representatives. *Toll.* 85, 116. *Bay vs. Dudgeon.* 6 *Munf.* 132.

[2.] The claim, therefore, set up by the uncle in this case, in consequence of his being the nearest blood relation of the deceased, is not sustained, either by reason or authority.

If a son dies *intestate,* and without brothers or sisters, the father is entitled to the whole of the estate, and to administration; and if the father dies before administration is granted, administration shall be granted to his *representative,* for the estate was an *interest vested;* for the Court regards the property in granting administration. 11 *Viner,* 88, *pl.* 25. *Cutchin vs. Wilkinson,* 1 *Call's R.* 1. This case was decided in the Court of Appeals in Virginia, in 1797, and resembles in principle, the case before the Court.

For, by the Act of 1827, (*New Dig.* 294,) as well as by the 29*th Charles II, ch.* 3, (*Ibid,* 1129,) the husband is entitled by administration to recover all the estate of his wife, real and personal, as well as her rights and credits, and enjoy thé same, without being subject to distribution.

Whether he survive her or not, therefore, he is entitled to the administration, because he is to the property; and it never could be said of him that he was administrator contrary to the meaning of the Act, which declares that the person entitled to the estate, is entitled to the administration. And if she were to contract debts in her lifetime, to which the property would be subject in the hands of her husband as administrator, it would be as accessible to creditors there, as anywhere else.

It is laid down in *Viner,* 84, (*tit. Executors*) *No.* 7, on one authority, that when the wife is next of kin to an intestate, the husband shall not be joined in the administration with her. If, however, administration be granted to the husband and wife only during coverture, it is perhaps good. 12 *Viner,* 84. *Allen,* 36. But it is further said, that when the wife is entitled, and she refuses to take the administration in her own name, the constant practice is to admit the husband. *Van Thunen vs. Van Thunen,* 11 *Viner,* 84, *marginal note, Gibb.* 203.

[3.] But by the Act of 1828, a *feme covert* cannot be an executrix or administratrix, during the coverture, but her letters, even when already granted, shall *abate.* *A fortiori,* although

otherwise entitled, will they be *withheld* from her, on account of the coverture. But in either event the *husband* shall be entitled to such letters, upon his complying with the requisitions of the law. *New Digest*, 327. We hold these inferences to be irresistible : 1st. That by the Act of 1828, a married woman cannot be the representative of an estate ; and *secondly,* that whenever she would be otherwise entitled, and is disqualified by reason of the coverture, that the husband is next entitled, in preference to any body else.

We must affirm, therefore, the judgment of the Superior Court, reversing the decision of the Court of Ordinary of Stewart County, and so hold with the former, that the husband of the only sister of the deceased, and who was his sole heir at law, is entitled to the administration upon the estate, in preference to his uncle, notwithstanding he was nearer in blood to the deceased.