JESSEE P. JORDAN v. N. L. BALL, et al., Admrs.

1. DEVISEE—ADMINISTRATOR—DISTRIBUTEE.—J. died in 1867, leaving a will wherein he bequeathed to his niece, Mrs. W., and her four children, all his real and personal estate, but named no executor. The niece, at the November term of the probate

court, 1867, had the will regularly probated, and herself, Wm. W., and B. were appointed administrators, *cum testamento annexo.* The niece being beneficially interested in part of the estate, as devisee, the probate court will not revoke her letters upon the application of a brother who cannot acquire any beneficial interest in the estate.

2. ADMINISTRATION—PREFERENCE—FORFEITURE.—Where the testator devised his whole estate and there are no distributees within the meaning of our statute, the probate court, in the granting of administration with the will annexed, will disregard the application of those specially designated and preferred by the statute. Even husband and wife, and distributees, who may be entitled to the preference under the statute, will forfeit that preference by delaying to apply within sixty days from the death of the decedent.

3. ORDER OF PREFERENCE—DISCRETION OF COURT.—The object of our statute, fixing the order of preferment in the grant of administration, is to give the management of the estate to the person having the beneficial interest in it. Husband and wife and distributees have the right of administration secured to them by statute, but as to all others it is a matter within the discretion of the court.

4. JOINT ADMINISTRATION.—Where a devisee applies for and obtains letters of administration there is nothing wrong in her asking that other persons shall be joined with her, and in granting that request there is no abuse of discretion on the part of the court.

Error to the probate court of Marion county. LEWIS, J.

The plaintiff in error assigned the following error:

1. The court below erred in appointing the defendants in error and Elizabeth Rebecca Warren, administrator and administratrix, with the will annexed, of James A. Jordan, deceased.

2. The court below erred in assuming jurisdiction over decedent's estate.

3. The court below erred in assuming jurisdiction to probate the alleged will of James A. Jordan, deceased.

4. The court erred in refusing to revoke the letters of administration with the will annexed, as prayed for in the petition of plaintiff in error.

*B. Taylor,* for the plaintiff in error.

Rev. Code of 1857, chapter 60, section 5, article 42, pages 433 and 434, prescribes in what county wills shall be proven, and letters testamentary thereon shall be granted.

Rev. Code of 1857, chapter 60, section 7, article 61, page 438, prescribes in what county letters of administration on the estates of intestates shall be granted, and to whom they shall be granted.

Rev. Code, chapter 60, section 6, article 52, page 435 and 436, prescribes to whom administration shall be granted when no executor is named in any last will and testament.

"Everything necessary to confer jurisdiction must appear of record." Stephens v. McReary, 12 S. & M., 9. As to the probate of the will, and the grant of letters thereon, and what is necessary to give the probate court jurisdiction to do either of these things, see Rev. Code of 1857, art. 42, p. 433, 434.

On applying the four rules of jurisdiction prescribed by this statute, to the petition for letters of administration with the will annexed, it is plain that the petitioner, Elizabeth Rebecca Warren, who petitioned for the probate of the will and for the appointment of herself as administratrix, and the defendants in error as administrators with the will annexed, did not set out the fact or allegations essential to confer jurisdiction under either of these four rules.

When there is an entire want of jurisdiction of the subject matter in the court, it is never too late to set it up. Green v. Creighton, 30 Miss., 159. The court will revoke letters of administration, or letters testamentary, when the illegality is suggested by any one interested as distributees or creditors, or even on suggestion of *amicus curia*. Gasque v. Moody, 12 S. & M., 153; Miller v. Keith, 26 Miss., 116; Steen v. Steen, 25 Miss., 513.

Rev. Code, article 61, page 458, prescribes the rule as to whom the court may appoint; 2d. In what court they may be appointed; 3d. When they may be appointed in case of intestacy. These statutory rules must be strictly followed; the petitioner must allege facts bringing himself within these provisions. The petition for letters of administration must show that petioners are residents of this state, or the court has no jurisdictien to appoint them. Hardaway v. Parham, 27 Miss., 103. See also Leonard v. Cameron, 29 Miss., 419.

It is a well settled principle in pleading that the facts which give jurisdiction to the court, and a right or title to the particular relief prayed for, must be plainly stated in the

bill. Mitford's Eq. Pl., 49; Cooper's Pl., 5–181; McElvain v. Willis et al., 9 Wend.; Mitford's Eq. Pl., 41; 9 Wend., 568; Shepherd v. Shepherd, 6 Conn., 37; Hull v. Neal, 27 Miss., 424; Wright v. Buck, 10 S. & M., 277; Cocke v. Finley, 29 Miss., 127; Rev. Code, 428, art. 61.

The statute does not in any case give the right of administration to a devisee or legatee, but to the widow's legal representatives, distributees, etc. Rev. Code, 438, art. 61; ib., 435–6, art. 52.

*J. T. Lamkin,* for defendants in error.

There is nothing contained in Rev. Code, 438, art. 61, sec. 7, which forbids the granting of letters of administration to " a stranger " within 60 days from the death of the intestate, or of the testator who has named no executor, art. 52, sec. 6.

Preference is given to relations in the order named, but " the court may select a stranger, " if it deem the relations incompetent. It is true, that such incompetency is not shown by the record, yet the record does not show that any of the next of kin of the decedent applied within the 60 days, or at any other time, for letters of administration. The appointment of a stranger is not unlawful, unless it be shown that the court, in making it, disregarded the claim of a competent relation.

But did the court appoint a stranger? By reference to the will of James A. Jordan, the decedent, it will·be seen that Mrs. E. R. Warren and her four children are the only devisees and legatees of the testator. The next of kin of the testator had had no interest therein. The order in which the right to administer accrues to relations, shows that the object and intention of the law is to place the estate of the decedent in the hands of such as are most interested therein. Mrs. Warren was then a proper, if not the most proper person, for that trust; and more appropriate co-administrators could not have been selected (so far as the relationship is concerned) than Wm. Warren and N. L. Ball, the uncles, maternal and paternal, of the minor legatees.

Admitting, again, the appointees to be strangers, no application is made by the plaintiff in error for the appointment of any person in their stead who is in a better condition. The petitioner does not ask the appointment for himself, nor for any one or more of the next of kin, but "suggests that Bentonville Taylor, a citizen of the State of Mississippi, be appointed administrator," etc. The preference which the law gives to the nearest of kin, as administrator, does not give such next of kin the right to dictate or "suggest" the appointment of a stranger. In this case the petitioner asks for the revocation of the letters of one set of strangers and the appointment in their place another stranger, without giving any other reason for the change than that the suggestion comes from him, a relation.

1st. The probate court may lawfully appoint a stranger in blood, administrator of an estate within 60 days immediately subsequent to the death of the intestate, where the relations are incompetent or do not apply.

2d. The court might revoke such appointment upon the application of a relation competent for the trust, within 60 days; yet, after that time, such revocation would only be made for cause.

3d. A person to whom the whole estate is devised, will not be regarded as a stranger, but will be preferred to relations as administrator *cum testamento annexo.*

4th. A relation, who does not claim the administration for himself, has no right to demand the appointment of a stranger to the exclusion of other relatives or the selection of the court.

5th. A natural brother cannot inherit from a legitimate brother. They are strangers in blood.

SIMRALL, J. :

The last will and testament of Jas. A. Jordan, deceased, was, on the 4th of November, 1867, propounded for probate to the probate court of Marion county, by Elizabeth R. Warren. And on the same day, application was made by her to

the court for letters of administration to be granted to herself, William Warren, jr., and Needham L. Ball. The will was duly proved, and admitted to record, and the letters to execute it, committed to the applicants. The testator had deceased sometime in the previous month of October.

At the March term, 1868, Jesse P. Jordan, a resident citizen of North Carolina, by B. Taylor, his attorney in fact, preferred his petition to the probate court, suggesting that the sureties on the administration bond were insufficient; and that the letters were improvidently granted to the above named persons, because neither of them were next of kin to the deceased, and because such grant was made within sixty days after the death of said Jordan.

Jesse P. Jordan, on account of his non residence, prays that on the revocation of the letters of Elizabeth R. Warren, Wm. Warren and N. L. Ball, administration be conferred on said B. Taylor, a citizen of Marion county.

The will appointed no executor.

Petitioner claims and avers that he is a brother of the deceased, and next of kin, and therefore entitled to the administration; the deceased, never having been married, his property would go to his brothers and sisters, and their descendants. The prayer was that the letters of administration be revoked, or if that could not be done, that a new and better bond be made.

Elizabeth R. Warren, having married one Applewhite, surrendered her letters, and was discharged.

Wm. Warren, jr., and N. L. Ball, administrators, in their answer, call in question the right of the petitioner to invoke any of the relief he asks, because of a want of interest in the estate, on the allegation that Jordan, by his will, gave all of his property to his neice, the said Rebecca Warren, and her four children. The will and the probate thereof, are in the record. The probate court required a new bond from the administrators, but dismissed the petition in so far as it sought a revocation of the letters of administration.

The only question for our decision is, was the decree cor-

rect ? It has always been considered in England, under the statutes of 31 Edward III, ch. 11, and 21 Henry VIII, ch. 5 (which are much like our statute in fixing the order of preference in the grant of administration), that the object of the statutes was to give the management of the property to the person who has the beneficial interest in it. Thus, in Bridges v. Duke of Newcastle, in 1712, Lord Hollis died intestate, Bridges claimed administration as next of kin; the effects were vested in the Duke of Newcastle by act of parliament, to pay debts. The judge of the prerogative court, and afterwards, on appeal, the delegates held, that the next of kin were excluded, on the ground that he had no interest, and granted administration to the Duke of Newcastle. 3 Phillim. 381.

In Young v. Pierce, Freeman Ch. 496, administration was refused to the next of kin, because she had released all her interest, and the letters were committed to the party beneficially entitled. So, too, with repect to administration *cum testamento annexo*—the errors of the statutes will be disregarded, and the next of kin pretermitted, and the letters given to the residuary legatee. 1 Williams Executors, 310, 311, 386.

The order of preference prescribed by the Code, 438, art. 61, is, first, the husband and wife, and then such others as may next be entitled to distribution—selecting from those standing in equal right the person, in the opinion of the court, best fitted to manage the estate.

If there shall be no executor named in any last will and testament, then administrtion, with the will annexed, shall be granted to the person who would be entitled to administration, according to the rule prescribed for granting administration. Rev. Code, 435, art 52.

In Byrd v. Gibson, 1 How., 568, art. 61 was brought into discussion. It was intimated that the word " representatives" meant relatives of the deceased. The administration was refused to Byrd, he not being a distributee, the deceased having left children.

Husband and wife and " distributees" have the right secured by statute, but as regards others, it is a matter within the sound discretion of the court.

The representatives or "relatives" of the deceased are preferred to all others. But of these relatives the husband or wife, and distributees, have the first right. If none of these apply within sixty days from the death of intestate, then a creditor, or other fit person, may be appointed.

Applying this construction to art. 52, where no exector has been appointed, the administrator to execute the will should be taken from the relatives of the deceased, giving the same order of preference as in case of intestacy.

According to this rule, let us see how it applies to Jesse R. Jordan, the petitioner in the probate court.

The testator was never married. His relations consist of brothers, neices and nephews. Their right would be prior to a creditor or a stranger. If it were a case of intestacy, the selection should be made from those " entitled to distribution." But the testator devised his whole estate to his niece, Elizabeth R. Warren, and her four children. Mrs. Warren is one of the relations of kin to the deceased; and as she takes the estate in part, under the will, and as the petitioner, Jesse Jordan, can prefer no claim, as distributee, and therefore has no preference over other relations, we are of opinion that Mrs. Warren had a superior right to him to the administration. And the probate court, therefore, was right in committing the office to her, on her application. But, if mistaken in this view, the person having the prior right must apply within the sixty days after the death of the decedent, the preference, within that time, continues, and may be successfully asserted, although administration, in the meantime, may be committed to another. As in Muirhead v. Muirhead, 6 S. & M., 454, when the letters were granted to the son, shortly after the decease of his father, the widow applied within the sixty days, for the grant to her. It was held that she was entitled; the court remarking, however, " By the statute, the privilege of the husband or wife may

be lost by their failure to apply for letters within sixty days from the death of the intestate."

Jesse P. Jordan did not apply for revocation of the administration until long after the lapse of the sixty days. If he ever had a preference over Mrs. Warren, it has been lost.

There was nothing improper in Mrs. Warren asking, in her petition, that Ball and Warren should be associated with her in the administration, nor was there an abuse of discretion in the probate court in acceding to the request.

Let the decree of the probate court be affirmed.