WALTER H. JOHNSON, Appellant, *vs.* CHARLES E. JOHNSON.

In granting letters of administration, the interest of the estate is the main object to be kept in view. Hence, other things being equal, the person should be appointed administrator who is entitled to the residue of the estate after creditors have been paid.

A. died intestate, leaving B., the widower of her bastard daughter, and two grandchildren, C., a son, and D., a daughter of B. by his deceased wife A.'s daughter.

*Held,* that C. rather than B. was entitled to administer the estate of A.

APPEAL from the Probate Court of the Town of Cranston.

*July* 18, 1885. MATTESON, J. This is an appeal from a decree of the Court of Probate of Cranston appointing an administrator on the estate of Anna Johnson, deceased.

The intestate died in Cranston on the 17th day of January, 1885. At and for several years prior to her death she had resided in Cranston, and in the family of Charles E. Johnson, the appellee, whose wife, also deceased, was her illegitimate daughter. The appellant, Walter H. Johnson, and his sister, Mary E. Seward, wife of Charles R. Seward, of Chicago, Illinois, are children of the said Charles E. Johnson by his said wife, and grandchildren of the intestate.

Both Charles E. Johnson and his son, the said Walter H. Johnson, made application to the court of probate to be appointed administrator. Mrs. Seward objected to the appointment of her brother, and requested the appointment of her father. The court appointed the father, and the son appealed.

The son claimed the appointment as next of kin of the intestate, under Pub. Stat. R. I. cap. 184, § 4, which is as follows: " Ad-

ministration of the estate, both real and personal, of a person dying intestate, shall be granted to the widow or next of kin of the intestate, being suitable persons and of the age of twenty-one years, or to both, as the court of probate shall think fit."

On the part of the father it was argued that Pub. Stat. R. I. cap. 184, § 4, had no application, the son not being, in contemplation of law, next of kin of the intestate, because his mother, being the illegitimate daughter of the intestate, was not, at common law, of the kindred of the mother, though the same blood ran in their veins; and that, while Pub. Stat. R. I. cap. 187, § 6, in these words, "Bastards shall be capable of inheriting and transmitting inheritance on the part of their mother, in like manner as if they had been lawfully begotten of such mother," has so far changed the common law as to enable illegitimate children to take and transmit inheritances, collaterally, on the part of their mother, the statutes have nowhere made such illegitimate children kindred of their mother, and consequently, as the mother of the appellant was not kindred of the intestate, her son is not.

If we concede the force of this argument, and grant that the appellant is not, in legal contemplation, next of kin to the intestate, we nevertheless think that he is entitled to the appointment. If he is not to be regarded as such next of kin, then no application by such next of kin for letters of administration has been made within thirty days from the death of the intestate, and under Pub. Stat. R. I. cap. 184, § 5, it is competent for the court to commit administration to some suitable person of full age, not a member of the court. For aught that appeared at the hearing, the appellant answers these requirements of the statute. In granting administration, the primary object is the interest of the estate; hence, courts have deemed it their duty to place the administration in the hands of the person most likely to convert the property to the best advantage of those beneficially interested. Other things being equal, that person will be he who is entitled as distributee, in whole or in part, to the residue of the estate after the claims of creditors have been satisfied, because of his interest. It is, therefore, an established principle governing courts exercising probate jurisdiction, that the right to the administration of the effects of an intestate follows the property in them. *In the*

*Goods of Gill*, 1 Hagg. Ecc. 341, 342; *Wetdrill* v. *Wright*, 2 Phillimore, 243, 248; *Ellmaker's Estate*, 4 Watts, 34, 38; *Sweezey* v. *Willis*, 1 Bradf. Surrog. 495–497; *Hall* v. *Thayer*, 105 Mass. 219, 224; *Thornton* v. *Winston*, 4 Leigh, 163, 170, 174; *Clay* v. *Jackson*, T. U. P. Charlt. 71, 73; *Leverett* v. *Dismukes*, 10 Ga. 98, 99. In 1 Williams on Executors, 436, the author remarks that, both in the common law and spiritual courts, it has always been considered that the object of the statutes of administration, 31 Edw. 3, cap. 11, and 21 Henry 8, cap. 5, is to give the management of the property to the person who has the beneficial interest in it; and the inclination to effectuate this object has been so strong that in some instances not only the practice of the ecclesiastical court, but the decisions of the judges delegate, have not scrupled to disregard the express words of the statute; and he cites the cases of *Bridges* v. *The Duke of Newcastle*, cited by the court in *West & Smith* v. *Wilby*, 3 Phillimore 381, and *Young* v. *Peirce*, Freeman, 496. In the former, Lord Hollis had died intestate, and Bridges claimed administration as next of kin. The effects were vested by act of parliament in the Duke of Newcastle to pay the debts of the deceased. The judge of the Prerogative Court, and afterwards the delegates, held that the next of kin was excluded on the ground that he had no interest, and granted administration to the Duke of Newcastle. In the latter, administration was refused by the prerogative and the delegates to a next of kin on the ground that she had released her interest, and the letters were granted to the party beneficially entitled to the personal estate. And see, also, *Thornton* v. *Winston*, 4 Leigh, 163, 173, 174; *Leverett* v. *Dismukes*, 10 Ga. 98, 99.

Under our statutes of descent and distribution, Pub. Stat. R. I. cap. 187, §§ 1, 5, 7, 9, the appellant and his sister are the persons entitled to the surplus of the personal estate of the intestate after payment of her just debts, funeral charges, and the expenses of settling her estate. It follows, therefore, that they are the persons who would, if competent, be entitled to the administration. Mrs. Seward, however, is not an applicant, and if she were, her coverture and non-residence would probably be regarded as sufficient disqualifications to prevent her appointment. If there was any good reason against appointing her brother, her wishes in regard

to the appointment would be entitled to consideration; but in the absence of such reason, we cannot permit them to operate to his exclusion, he being equally entitled with herself, and both competent and desirous to act.   *McBeth* v. *Hunt,* 2 Strob. 335; *Estate of Heron,* 6 Phila. 87, 88.   *In the matter of granting letters of administration upon the goods, etc. of Nathan Cresse,* 28 N. J. Eq. 236, 237; *Cobb* v. *Newcomb,* 19 Pick. 336.

The decree of the court below must be reversed, and letters of administration granted to the appellant.

*Order accordingly.*

*James Tillinghast,* for appellant.

*James M. Ripley & Nathan W. Littlefield,* for appellee.