## COOPER *v.* COOPER.

[No. 7,098.    Filed May 11, 1909.]

1. DECEDENTS' ESTATES.—*Administration.*—*Applicants.*—*Statutes.*— *Construction.*—The provisions of the statute (§2742 Burns 1908, Acts 1901, p. 281) fixing the order of preference for applicants to administer the estate of an intestate are mandatory, although the court has a wide discretion in determining the proper applicant.   p. 621.

2. DECEDENTS' ESTATES.—*Administration.*—*Applicants.*—*Interest.*— Those who have a beneficial interest in the estate of an intestate are ordinarily preferred in making appointments of administrators.   p. 622.

3. DECEDENTS' ESTATES.—*Administration.*—*Applicants.*—*Interest.*— The right to administer upon the estate of an intestate follows the right to the personal property.   p. 622.

4. WORDS AND PHRASES.—*"Next of Kin."*—*Decedents' Estates.*— *Statutes.*—The phrase "next of kin," as used in §2742 Burns 1908, Acts 1901, p. 281, fixing the order of preference for the granting of letters of administration upon the estates of intestates, means persons next of kin to the intestate at the time of his death and who inherit his estate.   p. 623.

5. DECEDENTS' ESTATES.— *Administration.*— *Applicants.*—*Creditors.* —*Relatives.*—Under §2742 Burns 1908, Acts 1901, p. 281, creditors of an intestate have a preference to appointment as administrator, over the intestate's relatives who do not inherit.   p. 623.

6. EXECUTORS AND ADMINISTRATORS.—*Application for Appointment.* —A creditor's application for appointment as administrator of an intestate is not bad for failing to show such applicant's qualifications and competency.   p. 623.

7. APPEAL.—*Parties.*—*Applicants for Letters of Administration.*— *Decedents' Estates.*—Where two applicants contend for appointment as administrator, the defeated applicant has the right to appeal, and his appeal cannot be dismissed on the ground that letters have already been issued to the other and have not been set aside.   p. 624.

From Probate Court of Marion County (8,702) ; *Schuyler A. Haas,* Judge *pro tem.*

Applications by William Cooper and John Cooper for letters of administration on the estate of John Ellis, deceased. From the appointment of John Cooper, William Cooper appeals. *Reversed.*

*E. M. Hornaday,* for appellant.

*Emsley W. Johnson* and *Orval E. Mehring,* for appellee.

RABB, J.—John Ellis died intestate in Marion county. He left surviving him, as his only heirs, a widow, who was a nonresident of the State, Joseph Ellis, an insane son, and Annettie Cooper, a married woman, his daughter, whose husband refused to consent to her appointment as administratrix of the estate of said decedent. The decedent also left surviving him the appellee, his grandson, the son of his daughter and her husband, the appellant. The appellant applied for letters of administration upon the estate of the decedent, and the following day the appellee applied for like letters. The appellant's petition was in the usual form, and showed that the widow of the decedent, and his next of kin who took an inheritable estate in the property left by him, were either disqualified or incompetent to act as administrator, and that the applicant was the largest creditor of the estate. The court refused to permit him to introduce proof of his qualification and competency to act as administrator, or to appoint him, and did appoint the appellee; and the question presented by the record in this appeal is whether the next of kin, qualified and competent to act as administrator of the estate of a person dying intestate, but who has no interest in the estate to be administered upon, is entitled to be preferred, in the granting of letters of administration, over a creditor of the estate.

The provisions of the statute fixing the order of preference in which administration shall be granted on the estate of a decedent are mandatory, and the court has no

1. power or discretion arbitrarily to refuse to appoint an applicant for letters of administration, who, by the terms of the statute, is entitled thereto, and issue the same to one standing lower in the order of preference. *Brown* v. *King* (1851), 2 Ind. *520; *Bowen* v. *Stewart* (1891), 128 Ind. 507; *Barricklow* v. *Stewart* (1903), 31 Ind. App. 446; *Kinnick* v. *Coy* (1907), 40 Ind. App. 139.

The court has a wide discretion in reference to the appointment of administrators of the estates of deceased persons, and all other matters pertaining to the administration of such estates, but not so wide as to override the statutory rights of those entitled to administer, when timely application for letters are made by such person. It is a general principle governing the granting of letters of administration, that the administration should be committed to those who have a beneficial interest in the property to be administered upon. 1 Woerner, American Law of Administration (2d ed.), §235. It is said in 1 Williams, Executors (7th Am. ed.), 512: "It has always been considered, both in the common-law and spiritual courts, that the object of the statutes of administration is to give the management of the property to the person who has the beneficial interest in it." The paramount object and purpose of our statute, and of all statutes, in fixing the order of preference in which letters of administration shall be granted, is to secure to those having a beneficial interest in the property to be administered upon the right to administer. It is to be supposed that those who will reap the benefit of a wise, speedy and economical administration of the estate, or, on the other hand, suffer the consequence of waste, improvidence or mismanagement, have the highest interest and most influential motive to administer the property correctly. The right to administer follows the right to the personal property. 1 Woerner, American Law of Administration (2d ed.), §235; *Donahay* v. *Hall* (1889), 45 N. J. Eq. 720, 18 Atl. 163; *In re Davis* (1895), 106 Cal. 453, 39 Pac. 756; *Thornton* v. *Winston* (1833), 4 Leigh (Va.) 152; *Jordan* v. *Ball* (1870), 44 Miss. 194; *Johnson* v. *Johnson* (1885), 15 R. I. 109, 23 Atl. 106; *Dalrymple* v. *Gamble* (1886), 66 Md. 298, 7 Atl. 683, 8 Atl. 468; *Savage* v. *Blythe* (1796), 2 Hagg. Ecc., Appendix, 150; *Almes* v. *Almes* (1796), 2 Hagg. Ecc., Appendix, 155; *Kinnick* v. *Coy, supra.*

The phrase "next of kin" means persons who are next of kin at the time of the death of the intestate, and who inherit the estate left by the decedent. It is true that

4. the heirs of a decedent are not always interested in the estate he may leave, because he may die insolvent, and nothing pass to the heirs. And it is also true that creditors of the decedent may have but little interest in his estate, because it may be amply solvent, and the creditors in no danger of losing their claims, however the estate may be managed or mismanaged. But the law presumes that the person having the first and highest interest in the estate of the deceased, because of the interest in the property that he leaves, is the widow, and that next to her in point of interest are the heirs who would inherit the estate; and the words "next of kin," as used in the statute, mean those who would inherit the estate, because the next of kin do inherit.

Next to those who have an inheritable interest in the property to be administered on come the creditors. We think, having in view the purpose and object of the

5. statute in fixing the order of preference in the administration of estates, that a creditor is entitled to preference in administration over a relative of the decedent who has no interest in the estate to be administered upon, and that the court erred in refusing to entertain the appellant's application for letters, and to hear testimony with reference to his fitness and qualification for the office.

The point is made by appellee that the appellant's written application for letters fails to show his qualification and competency, and that to entitle him to letters these

6. should appear. The statute upon the subject does not prescribe any precise form in which the application shall be made, and does not even require that the application shall be in writing. It does require that the court shall examine, under oath, the person applying, touching the time and place of the death of the intestate, whether he left a will, and concerning the qualifications of the appli-

cant. We think that the application filed by the appellant was sufficient to call upon the court to entertain the application and examine the appellant as to his qualifications.

It is further insisted that the appellant has no standing here, for the reason that letters of administration have already been granted to the appellee, and that, until these letters are set aside, the appellant has no standing in court.

The ground of appellant's complaint against the action of the court below is that the court refused to entertain his application. This application antedated the appointment of the appellee, and whatever error of the court was committed in that respect was committed before the appellee's appointment. We think the question is properly before us.

We are cited by appellee, in support of his contention, to the decision in the case of *Butler* v. *Perrott* (1882), 1 Dem. Sur. (N. Y.) 9, and to the case of *Lathrop* v. *Smith* (1862), 24 N. Y. 417. While these cases do support the contention of appellee, we think they contravene the paramount principle upon which the statutes, fixing the order of preference of administration, are founded, as declared by all of the elementary authorities, and by the uniform decisions of courts of other states, and of the courts of England, from which our laws upon the subject are derived. The case of *Lathrop* v. *Smith, supra,* was decided by a divided court, and the dissenting opinion rendered in the case presents unanswerable reasons why the prevailing opinion should not be followed.

The judgment of the court below is reversed, with instructions to the court to set aside the letters of administration granted to the appellee, and to entertain appellant's application for the same.