[No. 10290.  Department One.  June 26, 1912.]

MARTIN LARSON, *Appellant*, v. F. L. STEWART,
*Administrator, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—RIGHT TO LETTERS—PREFERRED
CLASSES—NOMINEES—RIGHT OF CREDITORS. Rem. & Bal. Code, § 1389,
providing that administration of the estate shall be granted in the
following order: (1) to the surviving husband or wife; (2) to the
next of kin in a specified order, and (3) to principal creditors,
creditors have no more than a privilege to pray for letters if the
others do not exercise their preference, and the court may appoint
the nominee of one of the preferred classes although the statute does
not expressly give the right of nomination; in view of the provision
that creditors cannot exercise their right until after the lapse of
40 days, and the implication of power in the court to exercise its
discretion, and the provision authorizing the appointment of any
suitable person if the heirs in writing waive their right.

Appeal from a judgment of the superior court for Cow-
litz county, McKenney, J., entered March 18, 1912, grant-
ing letters of administration, after a hearing upon conflict-
ing applications. Affirmed.

*B. L. Hubbell,* for appellant.

*Miller, Crass & Wilkinson* and *Percy P. Brush,* for re-
spondent.

CHADWICK, J. — Andrew A. Hedemark died intestate,
leaving an estate of real and personal property, situate in
Cowlitz county. He left surviving him several children, two
of whom are of legal age and entitled to letters of adminis-
tration. The two children who were competent to administer
the estate filed a petition sufficient in form to give the court
jurisdiction, but waived their right to administer, and nomi-
nated F. L. Stewart, whom the court found to be a suitable
and competent person, to be administrator of the estate.
After due notice and some preliminary hearings, the peti-
tion of the heirs was heard, and at the same time, the court

[1]Reported in 124 Pac. 382.

considered the petition of Martin Larson, who is shown to be
the principal creditor of the deceased, and whom the court
finds to be in every way qualified to act as administrator.
On the hearing, the court ordered that letters issue to Mr.
Stewart, and Mr. Larson, the creditor, has appealed.

The question to be answered by this court is whether the
nominee of a class preferred by the statute, being competent,
can administer over a creditor of the deceased who is quali-
fied to act. The answer to this question is to be found in
the statute itself, and our decision must be controlled by
the construction to be put upon it. Rem. & Bal. Code,
§ 1389, provides:

"Administration of the estate of a person dying intestate
shall be granted to some one or more of the persons herein-
after mentioned, and they shall be respectively entitled in
the following order:

"(1)   The surviving husband or wife, or such person
as he or she may request to have appointed;

"(2)   The next of kin, in the following order: 1.   Child
or children; 2.  Father or mother; 3.   Brothers or sisters;
4.  Grandchildren;

"(3)   To one or more of the principal creditors:  Pro-
vided, that if the persons so entitled or interested shall neg-
lect for more than forty days after the death of the intes-
tate to present a petition for letters of administration, or
if there be no relatives or next of kin, or if the heirs or one
or more of the principal creditors, in writing, waive their
right to administration, or if there be no principal creditor
or creditors, then the court or judge may appoint any suit-
able and competent person to administer such estate."

It is the contention of the appellant that this statute gives
only a personal right to the persons preferred under the first
two paragraphs, and that this right cannot be delegated or
given over to another by nomination or otherwise; that
having waived the right to exercise the statutory preference,
an absolute right falls to the next class, and so on, until all
classes have waived or it is made to appear that there are
none coming within these definitions. In other words, that

the right to administer is a valuable right, personal in character, granted by statute, and cannot be defeated except by a voluntary waiver.  There are some cases which seem to sustain appellant, but when analyzed with reference to local statutes, we feel that they are not so far conclusive as to warrant us in accepting them as controlling.  The appellant recognizes this, saying that he rests his contention solely upon the statute.

Whatever may have been held elsewhere, we prefer to treat the question as an open one in this state.  It was the policy of the courts from the beginning to give the administration of estates over to those having an interest therein, the right originally being in the state or in the king.  Statutes have not changed the rule in this respect, excepting in so far as they establish the order of preference.  The reason for the rule remains; that is, that if possible the administration of an estate should be put in the hands of those who have the greatest interest therein.  On the other hand, the right of a creditor to administer was not recognized in the beginning, and although finally admitted at common law, it has, we believe, come to be regulated wholly by statute in this country.  The right of the creditor is sustained, as the order of our statute implies, upon the theory that there are no parties in interest or, if so, they have, by the lapse of time, waived their right.  In such event, the creditor is given a right, to the end that the payment of a just debt shall not be defeated for the want of an administration.

While holding that a surviving husband or wife, or the next of kin in the order named, has a "right" in the strict sense, one founded upon natural justice and equity, we are of opinion that the creditor has no more than a privilege to pray for and receive letters, if the others do not exercise their preference.  The concrete point involved in this case is, Can a preferred class waive its right to administer and nominate a third party to the exclusion of the creditor?  It has

been rarely if ever held that any preferred person could nominate another and make his will binding on the court, nor do we so hold. But it is generally held that, where there is a right of nomination, the court will give heed to the wishes of the interested parties, and upon a showing of competency, will exercise its discretion in favor of the nominee of the moving parties. Our statute does not, by its express terms, give a right of nomination to any of the enumerated classes, save the surviving husband or wife. They may request that another be appointed. The third paragraph of § 1389 seems to imply that it was not the intention of the legislature to circumscribe the power of the court to exercise its discretion, when called upon to act, for the best interests of the estate. A natural right in the creditor is not recognized. His privilege cannot be exercised until after the lapse of forty days, and a fair reading of the statute implies that he has no right unless those interested waive their right of administration. This paragraph provides for the appointment of one other than those enumerated, and upon the condition (reading it with reference to the instant case) "provided that . . . the heirs . . . in writing waive their right to administration, then the court or judge may appoint any suitable competent person to administer such estate."

We are not unmindful of the insistence of counsel that each of the conditions named in the proviso must concur before a stranger can be appointed; that is, that there must be no relative or next of kin, and that the heirs and creditors must have waived. But this would compel us to substitute "and," the conjunctive, for "or," the disjunctive, as it occurs in the law; and thus, in changing the letter, crush the spirit of the statute.

Some courts have held that these statutes are mandatory. *Cooper v. Cooper*, 43 Ind. App. 620, 88 N. E. 341; *In re Daggett's Estate*, 15 Idaho 504, 98 Pac. 849. And this may be so in so far as the rights of relatives and next of kin are concerned. But we prefer to hold that it is not so to the

extent of giving a creditor preference over the nominee of a preferred class. The right of the creditor is saved when there is a due administration, and to hold that he has rights beyond this would be to hold, as some courts seem to say, that the right to administer an estate is a valuable property right, personal in character, and that when once waived cannot be recalled as against one of a succeeding class. These rulings do not commend themselves to us as either just or reasonable. We prefer to hold that the waiver contemplated by our statute is an absolute renunciation, and that a waiver with a nomination of another party is a qualified waiver which in no way forfeits the interest of the nominors in the estate.

As suggested in the beginning, the cases are of but little aid in construing our statute, because the laws differ in most of the states; and while there may be some of them identical with our own, we have not, in the time we have had to devote to this case, found them. The cases we have read from other states would indicate that there are none. However, we find in North Carolina a statute giving the right of administration, (1) to the husband or widow, (2) to the next of kin, (3) to the most competent creditor. We find no express right of nomination in the code of that state, as there is in that of California, for instance. Nor is there anything to imply the right, as we believe there is in our own code. The court held, but without going into the reasons which might have been adverted to to sustain the decision, that the appointment of one designated by the next of kin would be sustained in preference to the petition of the largest creditor. *Little v. Berry,* 94 N. C. 433. While we have not found a clear statement of the rule, as we have undertaken to lay it down, in any of the cases, nevertheless expressions on the part of textwriters seem to be in harmony with it.

Conceiving, as we do, that the statute is not arbitrary or mandatory in so far as the right of creditors is concerned, and does not overcome the power of the court to exercise his

discretion to appoint the nominee of one of the first two classes if he be a fit and proper person, the following quotations are apt:

"Probably the most important rule guiding the discretion of the judge in modern practice, when he has a discretion to choose among several who may be appointed administrators, is that he shall choose the one whom those interested in the estate, or most of them, wish to have appointed, if no material objection exists to such appointment. And this rule is sometimes enjoined by statute." Rice, Probate Law & Practice, p. 327.

"Even granting, as we must, that the court is not bound by the nomination made by a widow or the kindred first entitled to administer, yet the wishes and preferences of those having the greatest interest in preserving the estate are entitled to great weight. . . And hence the appointment, at the court's discretion, of any suitable person upon whom the next of kin entitled to the office, or a majority of them, may agree, is highly favored in American practice; the rights of more remote kindred, creditors and all strangers in interest being postponed to their expressed choice accordingly . . . ' Inasmuch as the regular administration of estates, sometimes large and complicated, whether testate or intestate, is so highly favored at the present day, the selection of third persons of integrity, experience, and sagacity for such responsible duties must often be most desirable. And if a testator makes such a selection, or associates others with his next of kin or legatees in the trust; for reasons admittedly sound, there seems no good reason why the next of kin themselves, if the estate be intestate, should not exercise a corresponding discretion and nominate some trustworthy friend rather than forfeit all claim to administer by failing to qualify personally for the office." Schouler, Wills & Administration, p. 357, note 3.

Believing, then, that the right of the creditor depends wholly upon the nonaction of the classes referred to in paragraphs 1 and 2 of the statute, and that the waiver of their right within the time limited gives the court power to appoint their nominee if he be a suitable and competent per-

son, and that power having been exercised in favor of the nominee, we unite in voting an affirmance of the judgment.

PARKER, CROW, and GOSE, JJ., concur.