*In the Matter of the Estate of* WILLIAM A. COVINGTON,
*Deceased.*[1]

*Williamson, Freeman & Broenkow,* for appellant.

*Wm. P. McCarty,* for respondent.

MILLARD, J.—This is an appeal by Pearl Cabell, a sister of the decedent, from an order appointing Anna Laura Buck, a stranger to the estate, administratrix of the estate of William A. Covington, deceased.

William A. Covington, of Pierce county, who was childless, died intestate January 5, 1934. He left surviving him several brothers and sisters (none of whom other than appellant resided in this state), and his wife, Mamie E. Covington. The widow was appointed and qualified as administratrix of the estate of her deceased husband. Mrs. Covington, also childless, died intestate nine days subsequent to the date of her hus-

[1]Reported in 33 P. (2d) 87.

band's death. She was not survived by any relatives residing in this state.

A petition was thereafter filed by Pearl Cabell for letters of administration upon the estate of her deceased brother. That petition was supported by the written request of Pearl Cabell's brothers and sisters that she be appointed administratrix. Anna Laura Buck, who cared for Mamie E. Covington during her last illness and had qualified as special administratrix of the estate of the deceased Mamie E. Covington, filed a petition for the consolidation of the two estates, and that letters of administration upon both estates be issued to her.

The court entered an order granting the petition of Anna Laura Buck and denying the petition of Pearl Cabell. As special administratrix, and thereafter as general administratrix, of the estate of the deceased Mamie E. Covington, Anna Laura Buck had in her possession and under her control all of the property of both estates. The order recites that Anna Laura Buck is legally competent to act as administratrix; that, for the purposes of economy and convenience, the two estates should be consolidated, it appearing that the estate of the deceased Mamie E. Covington is now in probate; that all of the property of the deceased husband is community property, "and that all of the property in both of said estates will belong to the estate of Mamie E. Covington, deceased."

Invoking the statute (Rem. Rev. Stat., § 1431), appellant contends that as next of kin of the decedent she had a preferential right to appointment as administratrix of the estate of her deceased brother, and that the trial court erred in the appointment of a stranger to act as such.

We held, in *State ex rel. Cowley v. Superior Court,* 158 Wash. 546, 291 Pac. 481, 70 A. L. R., 1460, and in

*In re Thomas' Estate,* 167 Wash. 127, 8 P. (2d) 963, 80 A. L. R. 819, that the statute, which reads as follows, prescribing the order in which persons are entitled to administer an estate, is not mandatory, and does not prevent the appointment of a stranger to act as administratrix:

"Administration of the estate of the person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:

"1. The surviving husband or wife, or such person as he or she may request to have appointed.

"2. The next of kin in the following order: 1, child or children; 2, father or mother; 3, brothers or sisters; 4, grandchildren; 5, nephews or nieces. . . ." Rem. Rev. Stat., § 1431.

The phrase "next of kin," as used in the statute, does not include persons, although relatives by blood, who have no interest in the estate, either under the statutes of descent or by the terms of the will of a decedent. *State ex rel. Cowley v. Superior Court,* 158 Wash. 546, 291 Pac. 481, 70 A. L. R. 1460. A person's next of kin are to be determined as of the date of his death. Though the appellant is a relative by blood of the decedent, unless she would be a beneficiary of his estate under the statutes of descent she is a stranger to the estate, the same as any other person having no interest therein.

Under the provisions of the statute, Rem. Rev. Stat., § 1342, if all the property of the estate of William A. Covington was community property, that property would pass to his surviving wife; that is to say, at the time of her brother's death the appellant was not entitled to take under the statutory distribution of estates of intestates, and she would have no interest therein.

"It has never been the policy of the law to give the administration of estates to those who have no interest therein, and the statute has not changed the rule in this respect. *Larson v. Stewart,* 69 Wash. 223, 124 Pac. 382, Ann. Cas. 1914A 1011. The reason is that strangers to an estate, who have no other interest in the selection of an administrator than the fees and emoluments that go with the office, do not have the same incentive to preserve the estate and cause it to pass to those beneficially interested without waste or loss or delay, as does one having such an interest." *State ex rel. Cowley v. Superior Court,* 158 Wash. 546, 291 Pac. 481, 70 A. L. R. 1460.

Although related by blood to the decedent, the appellant made no showing, which it was incumbent upon her to do, of having an interest in the estate of her deceased brother. Having no interest in the estate, she was a stranger thereto, and had no preferential right to appointment as administratrix thereof.

The order from which the appeal is taken is affirmed.

HOLCOMB, MAIN, MITCHELL, and STEINERT, JJ., concur.