Grant L. JORDAN, Allen Jordan and Leonard M. Jordan, Plaintiffs in Error,

v.

Leo W. MORRIS, Defendant in Error.

No. 38453.

Supreme Court of Oklahoma.

Oct. 6, 1959.

of the estate of Mayme Hunter Hatton, deceased.

The deceased died intestate. She left surviving her one son, Hunter M. Hatton, an incompetent. She had no surviving husband, father, mother, brother, sister or grandchild. The surviving son was the only person (or next of kin) entitled by legal preference to be appointed administrator of his mother's estate or to share in the distribution of her estate. This son, now under guardianship, and who, when his mother died, was an inmate of a state mental institution, was not eligible. See 58 O.S.1951 § 122 et seq.

Two petitions were filed asking for the appointment of an administrator of the estate of the deceased; one by Leo W. Morris (who was not related to deceased) for the appointment of himself, and the other by Grant L. Jordan, a nephew of the deceased, in which he asked that he be appointed. In the same pleading he objected to the appointment of Leo W. Morris and alleged that under Title 58, Sec. 122, O.S. 1951, he, as next of kin of deceased, was entitled to letters of administration, but that Morris, being no relation to deceased, was not entitled to letters of administration, and for the further reason that it was not for the best interest of the estate that Morris be appointed, alleging and contending that because Morris was the guardian of the deceased that his duties as such guardian and administrator would or might be incompatible, and that such dual relationship was contrary to law. The other appellants, brothers of Grant L. Jordan, joined in these objections and contentions and also filed a nomination of Grant L. Jordan as their choice for administrator of their aunt's estate. In support of these contentions they cite and rely principally upon 58 O.S.1951 § 122, and the case of In re Enochs' Estates, Okl., 322 P.2d 197, and others of similar import.

Both applicants, notwithstanding appellants' contentions as to Morris, appear to be legally competent and qualified to act as administrator under Subdivision

M. L. Thompson, Bruce & Rowan, Oklahoma City, for plaintiffs in error.

John A. Ruth, Kingfisher, for defendant in error.

JOHNSON, Justice.

This is an appeal from an order or judgment of the District Court of Kingfisher County, Oklahoma, confirming the order of the County Court (of that county) appointing Leo W. Morris as administrator

Nine (9) of Sec. 122, 58 O.S.1951, supra, if in the discretion of the judge making the appointment either was selected. See 58 O.S.1951 § 124, and In re Covington's Estate, 177 Wash. 668, 33 P.2d 87. Under Sec. 122, 58 O.S.1951, supra, neither applicant at the time of the appointment had legal preference over the other; and only a surviving spouse under Sec. 122, supra, subdivision 1, may request the appointment of or nominate a competent person as administrator of the estate of the deceased spouse. Thomas v. James, 69 Okl. 285, 171 P. 855. Therefore, of all the legal and factual contentions and questions raised by the contestants (appellants) in the trial of this case in the first instance and on appeal, only one material question was involved: that is, did the trial judge under the evidence and circumstances involved abuse his discretion in finding and holding that it was for the best interest of the estate that Leo W. Morris be appointed administrator of the estate of the deceased? If the answer is in the negative, then the orders appointing and confirming the administrator must be affirmed.

■ The evidence germane to this issue is preponderantly and conclusive that Leo W. Morris was well qualified to serve as the administrator of the estate. He was an experienced banker. He had known the deceased for about sixteen years. The deceased had joined a neighbor in asking the Kingfisher County Court to appoint Morris as the guardian of her property and he was serving as such at the time of her death. After his appointment by the county court as administrator of her estate, he was appointed guardian of Hunter M. Hatton, son of the deceased. Though not of controlling importance, the son, who was incompetent to serve as administrator himself, and after Morris had been appointed administrator of his mother's estate, in a letter expressed a desire for Morris to serve as the administrator of the estate. Thus without question in the handling of the property of the Hatton family, Morris was their preference both in the past and present. The

appointment under the record was regular and proper and entirely within the discretion of the judge making the appointment. See 58 O.S.1951 §§ 122, 124 and 125.

Judgment affirmed.