Deering *v.* Tucker.

APPLETON, C. J., WALTON, DANFORTH and TAPLEY, JJ., concurred.

———————◆———————

NATHANIEL F. DEERING, *Ex'r & Tr.*, *versus* MARY P. TUCKER *& als.*

In a bill in equity, brought to give construction to a will, which, after providing for the payment of all debts and certain specific legacies, and appointing the executors as trustees, further provided, that the remainder of her whole estate, real, personal and mixed, should remain and be kept, for the full period of twenty years from the date of said will, under the care and management of said trustees, for the benefit of certain grandchildren named; that so much of the income of said estate as might be deemed necessary by said trustees, should be applied to the education and support of said grandchildren, and for a suitable provision for them in case of marriage, * * "before said period shall elapse," and the remainder thereof to be judiciously invested until said grandchildren should become entitled to receive their respective proportions; that, at the expiration of said period, the "whole of the" testator's "estate and property" should be equally divided among those of said grandchildren then surviving, and the lawful issue of such as had deceased :— *Held*,—

1. That the trusts were determined at the expiration of the period named;

2. That the devisees, without regard to sex, were to receive equal proportions of the realty in fee simple.

Deering *v*. Tucker.

A provision in a will, restricting the rights of the devisees in the control and disposition of estates therein devised to them in fee, is void for repugnancy.

Where a will devised an estate in fee to the testator's grand-daughters, to vest in them at the expiration of twenty years from the date of the will, and provided that said estate should " be so received" (by the trustees having its care and management prior to the expiration of such period,) " for the use and benefit" of said grand-daughters, " as not to be subject to the control and disposition of their or either of their husbands :" — *Held*, — That the last clause was not in limitation but in furtherance of the rights of the devisees.

APPLETON, C. J. — This is a bill brought by the surviving executor and trustee under the will of Mary Preble, to obtain the legal construction to be given to certain provisions in the same, and to ascertain the mode of executing the trusts created thereby. All interested are made parties to the bill.

Mary Preble, by her last will and testament, appointed her executors as trustees. They were to have the entire care and management of her estate, to be holden and managed by them for the benefit of her grandchildren, a son and two daughters of her only son Edward, agreeably to the provisions and directions contained therein. After payment of all her just debts, charges and legacies, her whole estate, real, personal and mixed, was to remain and be kept under the care and management of the persons named as trustees, to be by them managed with care and prudence for the benefit of her said grandchildren; and so to continue and remain *for the period of twenty years from the time of making this will;* during *which period*, the whole of said property is directed and intended to continue and be kept in that condition, undivided, under the care and management of the executors for the purposes aforesaid, *until the said period shall fully expire.* So much of the income and profits of the estate, as may in their judgment be necessary and proper, was to be applied to the education and support of her said grandchildren and for suitable provisions out of the same, in case of their marriage and coming to have

families *before the period shall elapse;* and the remainder was directed to be invested from time to time in some safe and judicious manner, according to their best judgment, to be added to her said estate, *until* her said grandchildren shall become entitled to receive the proportions respectively intended for them by this will. *At the expiration of said period of twenty years from the date of the will,* the whole of her said estate and property was to be equally divided among those of her said grandchildren who may then be living, and the lawful issue of any one or more that should then be deceased, in the same proportion that would belong to any such grandchild, if living, &c. If all the grandchildren should die without leaving lawful issue in being, *before* the said period of twenty years should expire, then the estate was to constitute a fund for charitable purposes, and the estate to become vested in the new trustees specially designated by the will.

It is apparent that, for twenty years,' the grandchildren were to have no control over the estate. It was to be under the care and management of the executors and trustees. Their powers and duties were accurately defined. The trust is limited in time. It embraces the whole estate, and not a fraction. When it ends, it ends as to the whole estate. When the trust expires by the limitation of time, no further duties are to be done by the trustees. The estate, at the expiration of the period prescribed by the will, is to pass from the trustees and to vest in the grandchildren. In every part of the will, in all its various clauses, the trust estate is continued only for the period of twenty years. The trust estate limited in time by the will, and expiring by its own limitation, what then is to become of the estate of which the trustees have had charge since the decease of the testatrix?

The answer to this question is to be found in the ninth clause in the will, which is in these words:—"Ninthly. It is my will that *at the expiration of said period of twenty years* from this time, *the whole of my estate and property*

shall be equally divided among those of my said grandchildren, who may then be living, and the lawful issue of any or more that shall then be deceased, in the same proportion that would belong to any such grandchildren if living. And, if either of my said grandchildren should then be deceased, without leaving lawful issue living at the end of the said time fixed, then the whole shall go to the surviving grandchildren or grandchild, or lawful issue of any deceased grandchild, in such proportion as aforesaid; or, if there be but one surviving grandchild, or issue of but one, then the whole to go to such single grandchild or his or her issue as aforesaid; and that said estate shall not vest in them or either of them before the end of that period in any manner."

The language of this clause is clear and precise. The whole estate is to vest "at the expiration of said period of twenty years." Nothing is to remain in the care or under the management of the trustees. No distinction is made on account of sex. The words used apply irrespective of sex. They cannot be made to vary in their signification because one devisee may be a grand-son and the others daughters. If they give the fee to the grand-son, they give the same estate and none other to the grand-daughters.

"The word "estate," as held in the American Courts, is a word of the greatest extension, and comprehends every species of property, real and personal, and will carry a fee unless restrained. It describes both the *corpus* and the extent of interest." 2 Redfield on Wills, c. 14, § 48. A devise of all "my real estate," without words of limitation, passes a fee simple by force of the word "estate." *Godfrey* v. *Humphrey*, 18 Pick., 537; *Putnam* v. *Emerson*, 7 Met., 333. The words "all of the estate" of the testator, pass a fee simple. *Josselyn* v. *Hutchinson*, 21 Maine, 339. Indeed, it cannot for a moment be doubted that the words "all of my said estate and property," as used in this section of the will, give the devisees a fee simple. If they give this to the grand-son, the grand-daughters, by force of the same words, must take an equal estate.

The testatrix then proceeds as follows:—"It is further

herein my express will and direction that my said estate shall go or descend, in no other wise than is by this will directed and provided. And it is moreover my express direction that, in case of the marriage of either of my granddaughters, at any time before they may be twenty-one years of age, or after, it shall be the duty of the said executors * * or whoever may be appointed in their places and be invested with their powers, to secure or cause the portions of property that may be coming to such grand-daughters, *at the expiration* of said period of twenty years, or to either of them, to be *so secured* for their or her own use and benefit, *as not to be subject to the control and disposition of their or either of their husbands;* and this direction not to be altered by any request or consent of either of such grand-daughters thereunto."

The testatrix, by a previous clause, had devised her grandchildren an estate in fee simple, — thus giving to each and alike the complete control over their share in her estate, and the full power of alienation. This last clause was not in limitation but in furtherance of the rights of the granddaughters. It was to prevent any control of their estate by their husbands, — to preserve their entire rights without let, hindrance or interference on their part.

The "control" to be guarded against was legal control on the part of the husband, by virtue of his marital rights; the "disposition" of their estates to be feared was one in the exercise of those rights. The grand-daughters could not be, nor was it desirable they should be protected from and against the just and natural influence arising from the marital relation, — so far as that might affect their conduct in the management of the estate, or in the spending of their incomes. That influence could only be avoided, by the avoidance of matrimony.

The testatrix did not intend the husbands should have power to lease, mortgage, sell, or in any way dispose of or manage the estate devised, — nor that it should in any way be liable for their debts.

Now, by the existing laws of the State, the objects which the testatrix had in view by the clause under consideration are fully accomplished. By R. S., 1857, c. 61, § 1, "a married woman, of any age, may own in her own right, real and personal estate acquired by descent, gift or purchase; and may manage, sell, convey and devise the same by will without the joinder or assent of her husband." By § 2, the husband, by marriage since March 22, 1844, "acquires no right to any property of his wife." By § 3, she may prosecute and defend suits at law or in equity, for the prosecution and protection of her property as if unmarried, or may do it jointly with her husband. In *Southard Plummer*, 36 Maine, 64, it was held that a marriage contracted since the Act of 1844, c. 117, conferred upon the husband no ownership in property which at the time belonged to the wife, and that the right to the exclusive possession and control of such property remained in her after the marriage equally as before.

It is apparent, therefore, that a release to the granddaughters will secure the estate to them for "their own use and benefit," so "as not to be subject to the control and disposition of their or either of their husbands."

If the design of the testatrix was to restrict the rights of the grand-daughters in the control and disposition of these estates devised to them in fee, such design would be against law. A provision in a devise of land, that the same shall "not be subject or liable to conveyance or attachment," is void, because repugnant to the estate devised. *Blackstone Bank* v. *Davis*, 21 Pick., 42; *Gleason* v. *Fairweather*, 4 Gray, 348.

According to the true construction of the will of Mary Preble, it is declared:—

(1,) That the trusts created thereunder and thereby cease and are terminated at the expiration of twenty years from the date of said will.

(2,) That, at the expiration of said period, "the whole of her said estate and property" is to be equally divided be-

tween her said grandchildren, and that the same shall vest in them at the end of said period, they taking an estate in the realty in fee simple.

And it is ordered, that the surviving trustee, after paying all debts and settling his final account, pay over to the devisees all moneys remaining in his hands belonging to the estate, releasing to the grandchildren all his title to the estate and property of the testatrix.

And it is further ordered and decreed that the costs of these proceedings are a charge upon the estate of said Mary Preble.

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.