## OKFUSKEY et al. v. CORBIN et al.

No. 22691.   Feb. 5, 1935.

E. F. Maley and R. J. Roberts, for plaintiffs in error.

H. W. Carver and A. M. Wilson, for defendants in error.

RILEY, J.  Plaintiffs in error commenced this action in the district court of Seminole county for the securing of an interest in certain land located in said county, which was a portion of the surplus allotment of Weatie Okfuskey, a full-blood Seminole Indian, who died October 23, 1919, seized and possessed of said land. He left surviving him his widow Cindy Okfuskey. His father, Johnnie Okfuskey, also survive him. His widow, Cindy Okfuskey, is the mother of a child known as Billy Okfuskey. Plaintiffs claim that Billy Okfuskey is not the son of Weatie and Cindy Okfuskey, but is the son of Cindy by a former husband, Sutha Bruner. Defendants claim that Billie is the son of Weatie and Cindy Okfuskey, and was so found and adjudged in a proceeding in the administration of the estate of Weatie Okfuskey in the county court of Seminole county.

Johnnie Okfuskey died sometime in 1925, and plaintiffs claim that Johnnie inherited a one-half interest in the land left by his son Weatie, and that they are his sole heirs and inherited his one-half interest.

Defendants rely upon a finding of heirship and decree of distribution made and entered in the county court of Seminole county on March 24, 1921, in an administration proceeding then pending in said court in the matter of the estate of Weatie Okfuskey, No. 2509, finding that Weatie Okfuskey left surviving him as his sole and only heirs, his wife, Cindy Okfuskey, and one child, Billie Okfuskey; and an order that the homestead allotment (not here involved) be held for use and benefit of Billie Okfuskey until the ____ day of _____, 1931, and distributing the surplus allotment, being the 40 acres here involved, and another 40 acres, equally between the widow, Cindy Okfuskey, and Billie Okfuskey, the child; a deed from Cindy Okfuskey to defendant V. V. Harris, conveying her individual interest in said land, a decree in an action for partition entered in the district court of Seminole county on the 8th day of August, 1922, and a sheriff's deed executed pursuant to said decree in partition conveying the 40 acres here involved to defendant V. V. Harris. Defendants other than V. V. Harris rely on conveyances from him.

Plaintiffs assail the title pleaded by defendants and plead an order purporting to set aside the findings of heirship and decree of distribution above mentioned entered by the county court of Seminole county on March 6, 1925, and findings that Cindy Okfuskey, the widow, and Johnnie Okfuskey, the father of Weatie Okfuskey, were his sole and only heirs, and a finding that Billie Okfuskey was not a son and heir of Weatie, but was a son of one Sutha Bruner.

They further assert that the administration proceedings above mentioned were all void, and rely upon a finding of heirship in a special proceeding commenced in the county court of Seminole county, entered on the 3rd day of April, 1926, decreeing Cindy Okfuskey, the widow and Johnnie Okfuskey, the father, to be the only heirs at law of Weatie Okfuskey.

Trial was had to the court without a

jury, resulting in a finding, judgment, and decree in favor of defendants, and plaintiffs appeal.

The decree of the trial court is not based upon a finding that Billie Okfuskey was in fact the son of Weatie Okfuskey, for the trial court specifically found that he was not. The decree is based upon a holding that the original findings and decree of distribution in the administration proceedings were valid and binding, and were never appealed from, and that the county court was without power or jurisdiction to set it aside on the application of Johnnie Okfuskey filed on September 30, 1924, more than three years after it became final.

Plaintiffs contend that the judgment is erroneous. First: Because the original finding of heirship and decree of distribution in the administration proceedings were void in that the county court was without jurisdiction to make same; and second, if the county court had jurisdiction in the administration proceedings, it had the power and jurisdiction to set aside such findings and decree of distribution on the ground of fraud, and that same was effectively done by the order of March 6, 1925.

The contention is that the county court was without jurisdiction in the administration proceedings in that the petition for appointment of an administrator showed upon its face that there was no property subject to administration in that the petition alleged that Weatie Okfuskey left no personal property, and for that reason alone it is contended that the entire administration proceedings were void.

The same contention was made in Wolf v. Gills, 96 Okla. 8, 219 P. 350. After quoting the provisions of section 1088, C. O. S. 1921 (sec. 1069, O. S. 1931), as to where wills must be proved and letters testamentary or of administration granted, it is there said:

"Under this statute, jurisdiction of the estate of a resident citizen is based, not upon the existence of assets, but upon domicile in the county, and it is, therefore, not necessary that there should be assets in order for an administrator to be appointed."

It is then pointed out that, while it would be an abuse of discretion for a county court to appoint an administrator for a deceased resident of the county where there were no estate or statutory grounds for such appointment, such appointment would not be void.

The general rule, however, is that where jurisdiction is based upon domicile, it is not necessary that there be assets in order for the administration to be properly granted unless such requirement is created by statute. 23 C. J. 1012.

The record discloses that Weatie Okfuskey was a resident of Seminole county at the time of his death. The county court of that county had jurisdiction to appoint the administrator, and the fact that there may not have been assets subject to payment of debts did not render the administration proceedings void.

The next contention is that in the event the county court did have jurisdiction of the estate of Weatie Okfuskey in cause No. 2509 (the original administration), then it had authority and jurisdiction to set aside the finding of heirship and decree of distribution made and entered on March 24, 1921, by its subsequent order of March 6, 1925, upon the alleged ground of fraud.

Defendants in error assert, and the trial court held, that the original finding of heirship and decree of distribution, never having been appealed from, became final and was and is binding.

The petition for appointment of administrator in the first instance was by Johnnie Okfuskey, the father of Weatie Okfuskey, deceased. It was verified by Johnnie Okfuskey, and it alleged that Billie Okfuskey, four years of age, was a son of Weatie Okfuskey and one of the heirs.

The final account and petition for distribution is not in the record, but the record shows that it was filed and notice of hearing thereon was given and proof of service made. On March 24, 1921, said petition came regularly on for hearing, and on that date the final decree of distribution was made. It recites that due and legal notice was given and that all claimants to the estate were present, and that evidence of the witnesses was heard, and the court found in part as follows:

"The court further finds, from the evidence, that upon the death of said Weatie Okfuskey he left him surviving, as his sole and only heirs at law, Cindy Okfuskey, his wife, and one child, Billie Okfuskey, and that said Billie Okfuskey is now about the age of four years, was born after the year 1906."

It will thus be seen that at that time, upon the petition of Johnnie Okfuskey, in his presence and in the presence of Cindy Ok-

fuskey, the mother of Billie Okfuskey, proof was made that Billie Okfuskey was the son and heir of Weatie Okfuskey, and a finding was made to that effect, and decree of distribution was made. Incidentally it appears that proof was made that Weatie Okfuskey did leave a small amount of personal property, which had been mortgaged, and that said personal property was ordered distributed one-half to the widow, Cindy Okfusky, and one-half to Billie Okfuskey, and the land was ordered distributed the same way, except a showing and finding was made that Cindy Okfuskey had conveyed all her interest in the land to V. V. Harris, and her one-half interest in the land was distributed to her or her grantee of record.

The decree thus made appears to have stood without question until about September 30, 1924, some three years and six months, when Johnnie Okfuskey filed his petition in the county court to set aside finding of heirship and decree of distribution.

The sole and only ground for setting same aside alleged was:

"* * * That the final decree of distribution heretofore referred to in this petition was obtained through fraud perpetrated upon the court in this, to wit: That the court was made to believe that Billie Okfuskey was a child of Weatie Okfuskey, deceased, and that the said Billie Okfuskey took an undivided one-half interest in said land, that the Cinda Okfuskey took an undivided one-half interest in said land.

"Your petitioner would further state to this court, that such statement of facts was not true and that the child referred to as Billy Okfuskey was one Cheparney Bruner, and that the said Cheparney Bruner was the son of Sutha Bruner, who was a full-blood Creek Indian and not the child of Weatie Okfuskey, and that Weatie Okfuskey died without issue, and had the court known the facts as they existed, the above final decree of distribution would never have been entered excluding this petitioner."

It was not alleged who perpetrated the fraud and produced or caused to be produced the alleged false evidence. Certainly it was not allege that any fraud was prepetrated by Billie Okfuskey. No allegation whatever was made to the effect that the fraud, if any, perpetrated upon the court, was not fully known to Johnny Okfuskey at the time, or if not known, when it was discovered by him.

The allegations of the petition to set aside the finding of heirship and decree of distribution were wholly insufficient.

What the evidence in support thereof was, is not shown.

But, aside from the insufficiency of the petition, we are of the opinion that the county court was without jurisdiction to set aside the finding of heirship and decree of distribution.

Section 1360, C. O. S. 1921 (sec. 1359, O. S. 1931), provides that the final order or decree of distribution must name the persons and the proportions or parts to which each shall be entitled; and: "Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or modified on appeal."

It must be borne in mind that after the decree was entered and long before any attempt was made to set the same aside, proceedings in partition were had in the district court, and the land here in controversy was sold under said proceeding and a sheriff's deed was issued conveying said land to defendant V. V. Harris.

It seems well settled in this jurisdiction that courts of record have power to set aside a judgment after the term in which it is rendered, upon the ground of fraud, only where the fraud alleged and proved is extrinsic to the issues tried and determined in the judgment sought to be vitiated. O'Brien et al. v. Van Arsdale-Osborne Brokerage Co., 80 Okla. 174, 194 P. 1083.

The fraud, if any, relied upon, was clearly intrinsic.

In Bacon v. Bacon (Cal.) 89 P. 317, the court, referring to the case of Lynch v. Rooney, 112 Cal. 282, 44 P. 565, said:

"Lynch v. Rooney, 112 Cal. 282, 44 P. 565, was an attempt to review a decree of distribution and declare an involuntary trust, upon a showing that the decree was procured by false or mistaken testimony. The case is one of the class where the fraud or mistake is intrinsic. In such cases no relief can be given."

In Pico v. Cohn (Cal.) 25 P. 970, it is said:

"And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is that there must be an end of litigation; and when parties have once submitted a matter, or have had the

opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy."

In Benning v. Superior Court (Cal.) 167 P. 291, it is held:

"If false testimony was presented to the court at hearing of petition for settling an administrator's account and for decree of distribution, and the court based its decision settling the account and decreeing distribution on such testimony, the judgment was duly made and must stand unless an appeal is taken."

In the body of the opinion, it is said:

"Herein, as we have seen, there was, at most, a mere error, an incorrect conclusion of law, or incorrect finding of fact which could not operate to invalidate the judgment except by regular proceedings taken upon appeal, so that in the present instance a motion to vacate would not lie at any time."

In the Estate of Gerraud, 36 Cal. 277, it is held:

"A final decree of the probate court making distribution of an entire estate is, until reversed or modified on appeal, an investiture of the absolute right and title to the same in the distributees; and a further order of the court making a different disposition of a portion of the estate, made pending an appeal which was perfected from said final decree, is void."

If this be true, a different disposition of the property would be a divestiture of title and beyond the power and jurisdiction of a county court under the Constitution.

In Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173, it is held that county courts of this state have only such power to review or vacate their orders as is conferred upon said courts by sections 5267 to 5275, R. L. 1910 (secs. 556 to 564, O. S. 1931).

If it could possibly be said that the petition to vacate the final decree was sufficient to charge fraud practiced by the successful party, which it wholly fails to do, the proceedings were commenced more than three years after the decree became final. The proceeding was barred by the provisions of section 563, O. S. 1931 (sec. 381, O. S. 1931). Finley v. Riley, 91 Okla. 58, 215 P. 950.

It clearly appears that the county court was without jurisdiction to set aside the final decree of distribution entered March 24, 1921.

This being the case, it is unnecessary to consider the question as to the effect of the judgment in the suit in partition, or the proceeding to determine heirship subsequently commenced.

The judgment is therefore affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.