## WOLFE v. GRAHAM et al.

No. 27338. May 3, 1938.

Rehearing Denied June 21, 1938.

Second Petition for Rehearing Denied June 13, 1939.

C. Dale Wolfe and J. A. Patterson, for plaintiff in error.

R. J. Roberts, for defendants in error.

GIBSON, J. This action involves an interest in a valuable 40-acre tract of land in Seminole county. The land was a part of the allotment of Judie Renty (or Rentie), a Seminole freedwoman who died in 1910. In 1918 a partition proceeding was brought by one of the grantees of some of the heirs of Judie Renty, and the land was sold under said proceedings to the plaintiff in that action. This purchaser thereafter conveyed to C. Dale Wolfe by warranty deed. Wolfe subsequently obtained deed from various persons who claimed to be heirs or grantees of the heirs named in the partition proceeding.

In 1926 Wolfe purchased from one Tom Butler what purported to be all of Butler's interest in the land. One of the children of the allottee died prior to her death and left a daughter as her sole heir. This granddaughter of Judie Renty died in 1911, leaving the said Tom Butler, her father, surviving. Butler·was not a party to the partition proceedings. The partition proceedings had been brought apparently on the theory that there were only eight children of Judie Renty, whereas there had been nine, so that each child's part or representative share was 2/27 instead of 1/12. Consequently, it is claimed the granddaughter of Judie Renty (not referred to in the partition proceedings), and through her Tom Butler, owned a 2/27ths interest.

In 1919, in an administration proceeding, a decree of distribution and heirship was entered in the county court wherein heirship to Judie Rentie was determined as in the partition proceeding, the decree naming the husband, seven children, and the children of a deceased child as heirs. Omitted from this decree also were the names of Tom Butler and those under whom he claimed.

In 1922, J. Van Buskirk, ancestor of the plaintiffs who brought this suit, had pending in the district court of Seminole county an action against C. Dale Wolfe, seeking to obtain title to a 1/12 interest in the land. Van Buskirk was not a party to the partition proceedings, but had previously thereto purchased the interest of one of Judie Renty's children.

Van Buskirk died, and after revival of the suit a settlement was agreed to and upon stipulation between Wolfe and the successors of Van Buskirk a decree was entered whereby the Van Buskirk heirs were awarded a 1/12 interest in the land. Wolfe was awarded an 11/12 interest. This decree quieted the title of each as to their respective interests, and all parties were enjoined from ever asserting claim to any of said land contrary to the provisions thereof. Partition was deferred.

The present action was brought by the Van Buskirk heirs and devisees to establish this 1/12 interest in the land. Wolfe answered and filed cross-petition, asserting title by adverse possession and also asserting that he had in 1926 purchased the outstanding title of Tom Butler, of whose interest he was not informed at the date of the partition proceedings and the Van Buskirk suit. He also claimed that Van Buskirk knew of Butler's heirship because of a case brought by Van Buskirk against Grisso, which reached this court. That action involved the allotment of Martha Butler. An opinion was written by this court, but while the case was pending on rehearing stipulation of settlement was filed, which was approved by this court. As a result the opinion was not officially published. See, however, Van Buskirk v. Grisso. 157 P. 307. In accordance with the stipulation, mandate was issued and judgment entered in the trial court.

This judgment, of course, became binding in that proceeding, but we cannot accept the contention that it has superseded the other judgments relied on in this case. The land involved here was inherited by Tom Butler's child from her mother. Different facts, different parties, and perhaps other provisions of law, as well as the method of terminating the case of Van Buskirk v. Grisso, prevent that case from controlling the other judgments relied upon. Furthermore, the decision in the case was had before the decision in the heirship proceedings and the decree in the case of Van Buskirk v. Wolfe. hence, if the decision had any force as a precedent or estoppel, it could have been pleaded in either the heirship proceeding or the case of Van Buskirk v. Wolfe. These were matters of public record.

Wolfe appeared as attorney and a defendant in the partition proceedings, as an attorney in the heirship proceedings, and, of course, as a defendant in the case brought by Van Buskirk against him. Other proceedings were had, in which he appeared asserting that Douglas Rentie, Van Buskirk's grantor, inherited a 1/12 interest in the land. All of these proceedings are pleaded as estoppels against him. He asserts that he is not bound by the judgments and decrees because he did not know of Tom Butler's interest at the time.

It is not denied that Douglas Rentie was a child of the allottee. Douglas Rentie's part was acquired by Van Buskirk. Both Van Buskirk and Wolfe, proceeding on the theory that there were only eight interests to be considered besides the surviving husband's part, agreed to the judgment entered in 1922, which awarded Van Buskirk 1/12 and C. Dale Wolfe 11/12. This judgment settled the rights of the parties here. unless there has been something intervening to upset the effect of that judgment.

That judgment was by a court of competent jurisdiction. Wolfe purchased nothing from Tom Butler except peace. The final decree of heirship in the probate proceeding was binding on the world. It was not necessary that Tom Butler be served with notice other than the statute requires. National Exploration Co. v. Robins. 140 Okla. 260, 283 P. 236; Gassin v. McJunkin. 173 Okla. 210. 48 P.2d 320. No doubt the judgment in the case of Van Buskirk v. Wolfe was based upon the matters involved in the prior suits and decree of heirship. Wolfe had brought the administration proceedings in which heirs had been determined. Butler was bound either by. the partition proceedings or the heirship proceeding.

We must conclude that the county court in determining heirs, for reasons appearing from the evidence, found who inherited and thereby under the decisions excluded other possible persons, including Tom Butler. Necessarily the court had to have proof of the names of Judie Renty's children, how many had died, when, and who survived them. The former partition proceeding did not attempt to determine heirship; it merely related to heirship incidentally as to the purchased interests. Therefore, with the decree of heirship before them and the court, the parties settled their lawsuit in 1922. The settlement was in full accord with the de-

cree of heirship. We do not find sufficient evidence to show that Tom Butler had any interest in 1926 to dispose of to Wolfe.

We do not find in the record or briefs of defendants in error the claimed admission that Tom Butler had any interest in this land. On the contrary, the defendants in error successfully show that the decree of heirship excluded him from any interest. The admission that the allottee left nine children does not prove Butler's inheritance of this allotment. As pointed out, the county court was called upon to determine the persons in whom the allottee's interests vested. The Grisso Case was not binding on that court in the heirship proceeding, and the effect of the decree of heirship was to determine that under the facts and applicable law the surviving children or their issue therein named, along with the husband, inherited all interests and that no others inherited. Whether right or wrong, unappealed from, the decision became final and conclusive. The court had jurisdiction. Okfuskey v. Corbin, 170 Okla. 449, 40 P.2d 1064. Moreover, since Wolfe instituted the administration proceedings and the incidental heirship proceedings, he is not in good position to deny their efficacy.

The action here cannot be considered as opening up all the questions involved, and waiving estoppel or res adjudicata. The action appears to be based upon the decree of 1922. Plaintiffs rely on that decree establishing their 1/12 interest. Their complaint is that since that decree the defendant had been asserting title hostile to them. It is clear that each party to that decree was awarded his respective interest in the land and they were made tenants in common; the court reserved to each the right thereafter to apply for partition. In other words, they were to continue as cotenants until partition might be asked. The judgment recognizes the right of each to possession of his respective interest in the land. Neither was awarded a superior right. It must be assumed, therefore, in the absence of acts thereafter amounting to an ouster, that the possession of one of the cotenants was the possession of both.

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's rights, or the possession will be deemed to be held in subordination to the rights of the cotenant." Coats v. Riley, 154 Okla. 291, 7 P.2d 644.

This judgment was pleaded in the petition. It was, therefore, a sufficient allegation of possession to sustain an action to quiet title. Furthermore, in view of this judgment, defendant cannot claim title by prescription. Whatever the possession was before that time, the judgment precludes Wolfe from asserting adverse possession against the plaintiffs. That part of the judgment awarding him possession of his portion is in the same language as the part awarding his opponents their interest. The judgment must be given effect in all particulars. We do not find in the record any theory under which it can be claimed that the plaintiffs waived their right to rely on this judgment. On the contrary, they pleaded it as a muniment of title. Their deed, the decree of heirship, this judgment, and the acts of Wolfe in thereafter asserting claims of ownership constituted their cause of action. Instead of waiving the various estoppels, they relied on them.

We conclude, as did the trial court, that there is no escape for Wolfe from the judgment of 1922, and that thereunder Wolfe owns 11/12 of the land in controversy here, and the defendants in error 1/12.

Ruth Johnson intervened, claiming through Martha Butler. She filed a cross-petition in error, which has heretofore been dismissed.

Accordingly the judgment or decree is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, DAVISON, and DANNER, JJ., concur. HURST, J., concurs in conclusion.