## REED v. WHITNEY.

No. 31761. Dec. 18, 1945.

Rehearing Denied Jan. 22, 1946.

Application for Leave to File Second Petition for Rehearing Denied Denied June 4, 1946.

*169 P. 2d 187.*

R. J. Roberts and Hugh Roff, both of Wewoka, for plaintiff in error.

Geo. C. Crump and H. W. Carver, both of Wewoka, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Seminole county decreeing title to 1/24th interest in certain land in E. W. Whitney, grantee of J. N. Harber, the record title being in Ray W. Reed, plaintiff's decedent.

On September 10, 1935, the plaintiff, plaintiff in error herein, filed her petition in the superior court of Seminole county, the cause later being transferred to the district court of said county, against E. W. Whitney and the Gypsy Oil Company, praying for a decree adjudging her to be the owner of an undivided 1/24th interest in the Mosar 120-acre allotment, the land in question,

and praying that the title to her interest be quieted against the defendants, and for payment to her of impounded income from oil produced therefrom.

Plaintiff alleged in her petition that Arstago Harjo inherited the 1/24th undivided interest in the Mosar 120-acre allotment, and that on October 8, 1918, Arstago Harjo and wife conveyed said interest by warranty deed to Ray W. Reed, who went into possession and remained in possession thereof until his death, December 14, 1918, leaving as his sole beneficiary under his will, his wife, Eulahmae Reed, the plaintiff, who is tenant in common with the owners of the other undivided interests. That the Gypsy Oil Company, under oil and gas lease from the owners, was producing oil and gas from the premises, and that the accruals to said 1/24th interest amounted to approximately $2,500, for which she prayed judgment.

The petition further states that the defendant E. W. Whitney claims title to said undivided 1/24th interest by reason of a deed to him from J. N. Harber, conveying "all their right, title and interest" in the land, but does not include the interest in question.

E. W. Whitney filed an answer and cross-petition denying that the plaintiff has any interest in the land or was ever in possession thereof by reason of the deed from Arstago Harjo to Ray W. Reed, for the reason that Ray W. Reed was a practicing attorney, and was employed by J. N. Harber to acquire the outstanding title held by various heirs for the said J. N. Harber; that the said Ray W. Reed took the title to himself and secured the approval of the conveyance in the probate court, as he had done in acquiring the other interests for J. N. Harber, and that he made, executed, and delivered through the Farmers National Bank of Wewoka, by sight draft drawn on J. N. Harber at the First National Bank at Seminole, a quitclaim deed covering the interest in question, attaching a sight draft for $79 for the agreed cost, expenses, and fee for services rendered. That the deed

was lost in transit, as far as answering defendant Whitney has been able to ascertain, and that if any amount be due the plaintiff, it does not exceed the sum of $79. That subsequent to the discovery of the loss of the deed by J. N. Harber, he tendered the plaintiff $79 and interest and expenses, making a total of $92, and plaintiff executed a quitclaim deed and delivered it to Guy Sweatte for delivery to J. N. Harber upon payment of the $92; that Sweatte demanded $100; that E. W. Whitney, on behalf of J. N. Harber, offered $92, but refused to pay $100, and Sweatte destroyed the deed. Answering defendant, E. W. Whitney, prays that plaintiff be required to execute a quitclaim deed to J. N. Harber, or upon refusal to do so, that the title be quieted in him, the said E. W. Whitney.

Said defendant, E. W. Whitney, further states in his amended answer that on May 31, 1917, Ray W. Reed and Eulahmae Reed, his wife, made, executed and delivered to J. N. Harber their warranty deed, conveying all their right, title, and interest in and to the property involved in this action; that thereafter, on December 29, 1923, J. N. Harber and wife conveyed said property to the defendant, E. W. Whitney, by warranty deed; that said deed conveyed all interest, except a 1/12th interest previously conveyed by J. N. Harber to A. S. Kouri.

The first proposition presented and argued in the briefs of the parties is the question as to whether the deed from Reed to Harber may be construed as containing a warranty, which causes other interests subsequently acquired by the grantor to pass to the grantee under the doctrine of after-acquired title.

The plaintiff contends that grantors at the time held title to 23/24ths undivided interest in the land described; that the words, "all their right, title and interest in and to", preceding the legal description of the land conveyed, were qualifying words, which expressly limited the grant to the interest in the land

then held by the grantors. The defendant contends that such words do not cut down the interest conveyed to any limited amount, but warrants the title to the entire interest in the land covered by the legal description.

The contention of the defendant is without merit where the record shows that the grantor did not have title to the entire interest in the land, and the grantee knew it, and it was not the intention of the parties that the deed should convey more than the grantor had in the land.

The statute provides that a warranty deed "shall convey to the grantee, the whole interest of the grantor in the premises described, and shall be deemed to be a covenant that at the time of making the deed, he is legally seized of the indefeasible estate in fee simple of the premises and has good right and full power to convey the same, . . . ". 16 O. S. 1941 § 19.

The covenant of warranty applies to the premises described in the granting clause of the deed. The warranty is that the grantor has the very estate in quality and quantity which he purports to convey. Joiner et al. v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 P. 1073; Faller v. Davis et ux., 30 Okla. 56, 118 P. 382; Delvin on Deeds (3d Ed.) § 855. It applies to the estate of the grantor in the premises described. Hilsmeyer v. Blake, 34 Okla. 477, 125 P. 1130.

The deed in question conveys the premises described as "all their right, title and interest," and the warranty is of the right, title and interest conveyed. The habendum clause cannot be used to enlarge the estate described in the granting clause, which constitutes the premises of the deed, and to which the habendum clause refers.

In 7 Thompson on Real Property, p. 220, it is said in section 3525:

"A conveyance in terms of the grantor's right, title and interest is not enlarged in scope by a general covenant, but such covenant must be limited to fit the estate and interest of the grantor. 'It has been uniformly held that a conveyance of the right, title and interest of the grantor vests in the purchaser only what the grantor himself could claim, and the covenants in such deed, if there were any, were limited to the estate described.'

"Even if the grant is of certain land described, with an explanation that the grantor means to convey only his right, title and interest in it, a general warranty of title is restricted to the grantor's interest; . . ."

Sec. 3523. "The covenant of warranty applies to the estate conveyed, and cannot enlarge that estate. If the deed conveys merely the grantor's interest in the land, a covenant of general warranty in it is limited and restricted to such interest, and does not warrant the land against a superior title in another.

"It is limited as well to the particular parcel of ground intended to be conveyed according to the description in the deed . . . 'That which the covenator in such a deed undertakes to warrant and defend against all lawful claims is not the land or an absolute and unqualified estate in it, but 'The Premises'; that is, the defeasible estate conveyed by the preceding grant, upon conditions expressed in the same deed'."

In vol. 3, Washburn on Real Property (1902, 6th Ed.) p. 453, it is said of warranties restricted by their terms or the subject-matter of the grant:

2400. Same Subject. "So the extent of the covenant of warranty is often limited and defined by the subject-matter of the grant; as where the deed only purports to convey the right, title, and interest of the grantor. And where the grant is thus limited and restricted in its terms, the covenant of warranty is alike restricted; although the grantor covenants that he is seized in fee of the premises, that they are free of all incumbrances, and that he will warrant them to the grantee against the lawful claims of all persons: the 'premises', in the case supposed, being what are included in the granting terms of the deed; viz., 'the right, title, and interest'."

This rule is also stated in 16 Am. Jur., p. 566, § 232, as follows:

"It is universally conceded that when the estate given in the granting clause and the estate referred to in the habendum of a deed are so repugnant to each other as not to be susceptible of any reasonable reconciliation, the granting clause will control and the habendum will be rejected as void. One of the reasons for the rule is the fact that the habendum is nonessential to the validity of the deed, while the granting clause is necessary to make the deed effective. The granting clause is naturally looked to in order to see what was intended to be conveyed, whereas recitals are often merely introductory, and are not a necessary part of a deed. The granting clause is the essence of the contract. It is required to transfer title, but the habendum clause is not absolutely necessary to make a deed effective. Therefore, since the purpose of the granting clause of a deed is to define and designate the estate conveyed, in case of a conflict it prevails over other clauses."

P. 639, §348. "Since it is generally held that a grant of the right, title, and interest of the grantor does not preclude him from acquiring title subsequently and holding it as against his grantee, a fortiori, a grantor who specifies more particularly the interest he intends to convey is not estopped by the deed from asserting an after-acquired title. Thus, a deed purporting to convey all the grantor's right, title, and interest in the estate of his deceased father does not estop him from asserting title by descent upon the subsequent death of his co-heirs."

The Supreme Court of the United States recognized the rule in Hanrick v. Patrick, 119 U. S. 156, 30 L. Ed. 396, in language as follows:

"The conveyance and the covenants are both confined to the right, title and interest which Eliza M. O'Brien had at the date of the deed, expressly referred to and described in the deed of February 1, 1878, as the interest conveyed by the deed from Jenkins. There is no recital in the deed to estop her as to the character of her title or the quantum of interest intended to be conveyed within the rule laid down by this court in Van Renssalear v. Kearney, 11 How. 297. In the absence of such recital, a covenant of general warranty, where the estate granted is the present interest and title of the grantor, does not operate as an estoppel to pass a subsequently acquired title."

In Reynolds v. Shaver, 59 Ark. 299, 43 Am. St. Rep. 36, the opinion quoted from two text books in support of the decision as follows:

" 'Where a deed purports to convey only the right, title and interest of the grantor, the scope of the covenant of warranty may be limited by the subject-matter of the conveyance'. 2 Devlin on Deeds, sec. 931 and cases cited. Tiedeman on Real Property, sec. 858, says: 'If a deed purports to convey in terms the right, title and interest of the grantor to the land described, instead of conveying in terms the land itself, a general covenant of warranty will be limited to that right or interest, and will not be broken by the enforcement of a paramount title outstanding against the grantor at the time of the conveyance'."

In Kimball v. Semple et al., 25 Cal. 441, it is said:

"The deed to Whitcomb was simply a conveyance of whatever interest Larkin then held in the land mentioned in the deed, but it did not purport to convey the land, nor any certain interest therein, nor any interest he might thereafter acquire. The warranty in the deed attached itself to the interest conveyed, and not to the land itself, the grantor warranting the title conveyed by him against any incumbrance, claim, or demand made or suffered under or through him.

"The deed itself would not estop Larkin from setting up an after acquired title, nor will a warranty of the character of the one before us, when annexed to a conveyance merely of the grantor's present interest, cause the after acquired interest of the grantor to 'feed the estoppel,' and inure to the benefit of his grantee."

In Blanchard v. Brooks et al., 12 Pick. (Mass.) 46, the court said:

"The grant in the deed is of all his right, title and interest in the land, and not of the land itself, or any particular

estate in the land. The warranty is of the premises, that is, of the estate granted, which was, all his right, title and interest. It was equivalent to a warranty of the estate he then held or was seized of, and must be confined to the estate vested. A conveyance of all the right, title and interest in lands, is certainly sufficient to pass the land itself, if the party conveying has an estate therein, at the time of the conveyance; but it passes no estate which is not then possessed by the party."

In view of these and other decisions too numerous to mention or cite, it appears to be the universal rule of construction of deeds that the words, "all their right, title and interest in and to," preceding the description of real property, limits the grant to the present interest of the grantor, and that the covenant of warranty refers only to the right, title and interest of the grantor in the premises at the time of the conveyance.

The case of Kimbro et al. v. Harper et al., 113 Okla. 46, 238 P. 840, is overruled in so far as it holds that the covenant refers to land described in the deed, and not to the right, title and interest of the grantors, and that the general warranty is not limited by the use of such words.

The next proposition of the plaintiff in error, that the occupation of the land by J. N. Harber's grantee, E. W. Whitney, and S. A. Kouri, whose interest was excepted in the deed from Harber to Whitney, did not amount to a technical ouster and did not start the statute of limitations against Ray W. Reed and wife, who were tenants in common with Whitney and Kouri, is well taken.

The evidence fails to show that Mrs. Reed ever made a deed in answer to repeated demands of Mr. Whitney and Dr. Harber, and it is admitted in the record by counsel for defendant that she never made any deed. When Ray W. Reed acquired the 1/24th interest of Arstago Harjo in the land, he became a tenant in common with the owners of other interests therein, and at his death said interest passed under

the provisions of his will to his surviving wife, Eulahmae Reed. In Coats et al. v. Riley et al., 154 Okla. 291, 7 P. 2d 644, this court announced the rule as follows:

"The mere possession of a tenant in common, no matter how full and complete, does not operate as an ouster of his cotenant, or amount to adverse possession as against the claim of his cotenant. There must be something to show a denial or repudiation of his cotenant's right, or the possession will be deemed to be held in subordination to the rights of the cotenant."

See, also, Wolfe v. Graham, 185 Okla. 318, 90 P. 2d. 1067; Aldrich v. Hines, 116 Okla. 300, 245 P. 854; Longfellow v. Byrne, 68 Okla. 314, 174 P. 745.

The evidence fails to establish that Ray W. Reed was acting either as agent or attorney for J. N. Harber in the purchase of any of these interests in the land. Reed purchased the property and took the title in his own name and had the conveyance approved by the court, and thereafter for an agreed consideration conveyed the same to Harber. Reed did not purchase the property with Harber's money, but with his own, and there is nothing in the record to show that Harber was under any obligation to accept the property after he had purchased it and perfected the title in himself. The 1/24th interest of Arstago Harjo was purchased by Reed about 18 months after Reed conveyed the other interest to J. N. Harber, and we find no evidence of agreement or of circumstances compelling the assumption that Reed was acting for any other than himself when he purchased it.

The finding of the trial court that the fiduciary relation existed between Reed and Harber in said transaction is not established by the evidence, and the judgment is reversed and the cause remanded, with directions to enter judgment for the plaintiff.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur. DAVISON and ARNOLD, JJ., dissent.