35 So.2d 198

**LOEB et al. v. CALLAWAY et al.**

5 Div. 431.

Supreme Court of Alabama.

March 25, 1948.

Rehearing Denied May 13, 1948.

Holley, Milner & Holley, of Wetumpka, for appellants.

526

Locke & Morton, of Birmingham and George P. Howard, of Wetumpka, for appellees.

SIMPSON, Justice.

The appeal arises from a contest for letters of administration on the estate of the intestate, E. H. Clay, of Elmore County, Alabama, between the partnership appellants, as his largest creditor, and the appellee, Mrs. Callaway, his sister and next of kin who, under the statute, Code 1940, Title 61, § 84, nominated her husband, the other appellee, to act in her right.

Mr. Clay left no children and his widow renounced her preferential right to appointment. The court, adjudging Mrs. Callaway to be the next in order of preference, on her nomination of her husband, as she had the right to do, § 84, supra, appointed Mr. Callaway the administrator. The case was heard on an agreed statement of facts containing the recital that "so far as is known at this time to anyone the decedent owned no realty" and it is this statement which has posed the question for consideration on appeal. The appellants contended that they were preferred, under the statute, because it was not shown that the decedent left real estate; that, under such circumstances, the widow would inherit the estate (personal property estimated to be worth not more than $2,500) to the exclusion of the next of kin; that therefore Mrs. Callaway was not of the class under the statute who had the right to administer on the estate.

By the law of descent and distribution, this intestate's widow would inherit the estate if it were all personal property, Code, Title 16, § 10, to the exclusion of the sister. But it would be different if there were real estate and under this latter status, subject to the widow's dower and homestead rights, etc., the sister would also share as a next of kin. Title 16, § 1(3), Code.

Counsel for the parties have shown diligence in their research and have assiduously supported their respective contentions with cogent argument, which has been of aid to the court in making up its decision. The question is not easy of solution, but we have become convinced of the correctness of the decision of the probate court and the order will be affirmed.

Code 1940, Title 61, § 81, controls the question and provides:

"Administration of an intestate's estate must be granted to someone of the persons named herein if willing to accept and satisfactory to serve in the following order: 1. The husband or widow. 2. The next of kin entitled to share in the distribution of the estate. 3. The largest creditor of the estate residing in this state. 4. Such other person as the judge of probate may appoint."

■ The probate court is left with no discretion in respect to enforcing this preferential right of one to serve if a fit person (Griffin v. Irwin, 246 Ala. 631, 21 So.2d 668, 158 A.L.R. 288; Johnston v. Pierson, 229 Ala. 85, 87, 155 So. 695), and decision turns on a proper construction of the clause of subsection 2, *entitled to share in the distribution of the estate*. If the phrase is to be determined on a factual basis in each individual case, before the administrator is appointed, the appellant's contention will prevail, for the reason that here, prima facie, there is no real estate and, if so, Mrs. Callaway will not "share in the distribution of the estate." If, however, the phrase connotes those next of kin who, as a matter of law, are the ones who will inherit from intestate, should he have an estate at his death, without first determining the character of its assets, the opinion below should prevail.

There are cases which, while not altogether similar to the instant case, are cited, by way of analogy, to sustain the theory of appellant. Much reliance is placed on Cooper v. Cooper, 43 Ind.App. 620, 88 N.E. 341, 343, where it was said:

"Next to those who have an inheritable interest in the property to be administered on come the creditors. We think, having in view the purpose and object of the statute in fixing the order of preference in the administration of estates, that a creditor is entitled to preference in administration over a relative of the decedent who has no interest in the estate to be administered upon * * *." 88 N.E. at page 343.

However, this case is not persuasive since there the largest creditor was contesting for letters of administration against a grandson who, though a blood relative and in this sense might have been considered a next of kin of the intestate (cf. Kimbrough v. Dickinson, 247 Ala. 324, 24 So.2d 424), had no direct inheritable interest in the estate, and the court very properly held that the grandson could not under the terms of the statute displace the creditor who, as one interested in a proper administration of the estate, had a preferential right to appointment. From the language of the opinion it is rather safe to affirm that had the grandson been of the class of next of kin having a direct inheritable interest under the law of descent and distribution, his right to administer, whatever the estate might have turned out to be, would have been sustained. See also State ex rel. Cowley v. Superior Court for King County, 158 Wash. 546, 291 P. 481, 70 A.L.R. 1460, citing In re Estate of Weaver, 140 Iowa 615, 119 N.W. 69, 22 L.R.A., N.S., 1161, 17 Ann.Cas. 947.

■ At common law, realty passed on the death of the intestate to his legal heirs, and was not subject to administration, except as conferred by statute. 23 C.J. 998, § 8; 33 C.J.S., Executors and Administrators, § 4; 21 Am.Jur. 481, § 196; 16 Am. Jur. 892, §§ 113-115; Rucker v. Tennessee Coal, Iron & R. Co., 176 Ala. 456, 465, 58 So. 465.

Originally this same status seems to have obtained in Alabama, for we note that by the act first passed March 12, 1803, "that if any person die intestate * * * then administration of the *goods* and *chattels, rights* and *credits* of such intestate * * * shall be granted to the widow, or the next of kin of such intestate * * * or to some of them; and in case of their and each of their refusal, then to a principal creditor or creditors of such intestate," etc. Toulmin's Ala.Dig., p. 324, Ch. 1, Executors and Administrators.

█ The common law rule has been considerably modified and under our present statutory system the duty and authority of the personal representative have been enlarged, giving him rights and powers over real property of the estate, such as renting the lands or undertaking their sale when necessary for the payment of debts or when a probable necessity may exist for the sale thereof to equalize distribution to the heirs (McKay v. Broad, 70 Ala. 377) or in case of insolvency of the estate. Code 1940, Title 61, § 416. The administrator may also under circumstances sue in ejectment for the recovery of real estate owned by intestate at his death. Rucker v. Tennessee Coal, Iron & R. Co., supra. There are also other conditions which may obtain to place the realty of an estate on the same footing as personalty in the course of administration. Streety & Co. v. McCurdy, 104 Ala. 493, 501, 16 So. 686. The personal representative has the right of possession of the realty for purposes of administration and when asserted intercepts and dominates the descent of the lands to the heirs. Calhoun v. Fletcher, 63 Ala. 574; Banks v. Speers, 97 Ala. 560, 562, 11 So. 841; Ex parte Stephens, 233 Ala. 167, 170 So. 771.

█ Hence, without further illustration, it is manifest that the estate of a person, in the connection here considered, is the aggregate of his assets and comprehends every specie of property, real and personal, and connotes both the corpus and the extent of the interest. See Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Deering v. Tucker, 55 Me. 284; Hunter v. Husted, Busb. Eq. 141; Godfrey v. Humphrey, 18 Pick. (Mass.) 537, 539, 29 Am.Dec. 621.

█ It would seem, therefore, that, through the successive changes in our system of administration on estates of intestate persons, by adding, under the classification of next of kin the words, "entitled to share in the distribution of the estate," it was not intended to define the inheritors of any particular kind of assets of an estate, but sought to limit the right to administer to those who, under the statute of descent and distribution, would legally inherit from the intestate as a next of kin. As we read the cases, and projecting the principles enunciated to their logical consequences, the right under the statute of the next of kin to administer on such an estate is not to be determined by the character of assets comprising it or whether there will be assets available for distribution on final settlement, but by whether or not such a next of kin designated under the second classification is one of those of that preferred class who under the law would inherit from the decedent if there should be assets discovered and distributable.

█ A pertinent note appears in 33 Corpus Juris Secundum, Executors and Administrators, § 36:

"The term 'next of kin' as employed in statutes providing for issuance of letters of administration as a general rule means those relatives whose relationship to the intestate is such that they are entitled to share in his estate as distributees under rules governing descent and distribution, and under this view the right of a particular next of kin to letters of administration depends on whether he is given the right, by provision of statutes governing descent and distribution, to share in the net assets of the estate, and not on whether there will be any assets available for distribution after completion of administration."

Of such import are our own cases. Watson v. Collins' Adm'r, 37 Ala. 587, Johnston v. Pierson, 229 Ala. 85(3), 155 So. 695; Allen v. Draper, 98 Ala. 590, 13 So. 529; Wheat v. Fuller, 82 Ala. 572, 2 So. 628; Owens v. Childs, 58 Ala. 113.

█ One other observation to further illustrate the conclusion. It is not uncommon that the nature of the assets of an estate cannot be determined until after the appointment and qualification of a personal representative authorized to discover and collect them. A decedent's real estate, in a limited sense, is an asset of the estate to which, under circumstances, the personal representative may resort (Boyte v. Perkins, 211 Ala. 130, 99 So. 652; 33 C.J.S., Executors and Administrators § 103, n. 30, page 1059); and it is his duty to discover and collect all the assets to be found. Steele v. First Nat. Bank, 233 Ala. 246, 171 So. 353. Since it cannot always be determined, as a matter of fact, just what these assets will be, nor the course of their distribution, until

the personal representative has proceeded to perform his duty in this respect, it should be clear that the preferential right of a next of kin to such appointment could not be rested on the factual theory but on the inheritable interest, as a matter of law, in the estate.

This position is reinforced by the rule that the fact that no distributable assets have been discovered is no ground for withholding administration on an estate. Watson v. Collins' Adm'r, supra; 59 A.L. R. 88, Note; Wheat v. Fuller, supra; Re Helm, 6 Cal.App.2d 752, 45 P.2d 250; Okfuskey v. Corbin, 170 Okla. 449, 40 P.2d 1064; Wolfe v. Graham, 185 Okla. 318, 90 P.2d 1067(2).

Affirmed.

GARDNER, C. J., and BROWN, LIVINGSTON, and STAKELY, JJ., concur.