George D. KERR, Plaintiff in Error,

v.

Guy H. JAMES and Manila I. James, husband and wife, Defendants in Error.

No. 39792.

Supreme Court of Oklahoma.

Oct. 30, 1962.

Louie W. Beck, Charles Elder, Purcell, for plaintiff in error.

Looney, Watts, Looney, Nichols & Johnson, Tom D. Capshaw, Oklahoma City, for defendants in error.

HALLEY, Justice.

Plaintiff George D. Kerr brought this suit to quiet title to an undivided 23.75/95ths interest in the oil, gas and minerals in and under 95 acres in McClain County, Oklahoma, described as the S½ of the NE¼, and the SE¼ of the NW¼ of the NE¼, and the S½ of the NE¼ of the NW¼ of the NE¼ of Section 20, Township 7 North, Range 3 West of the Indian Meridian.

Prior to and during April, 1948, plaintiff had only a reversionary interest to the above described property. In addition to such interest, at that time plaintiff was the owner of the following: (1) the surface rights in and to the above property together with the S½ of said section which comprised a 415 acre farm, hereafter called the farm; (2) 15.375/415ths interest in and to the oil, gas and minerals under the farm.

Although the records on file in the county clerk's office reflected that plaintiff was owner of all of the above described interests in and to the farm in April, 1948, he apparently had the mistaken idea that his ownership consisted solely of the surface rights and 17½ acres of the minerals.

In April, 1948, plaintiff contacted defendant Guy H. James to sell his interests in the farm. A written contract was entered into whereby plaintiff agreed to sell and defendant agreed to buy the surface rights to said farm and 17½ acres of the minerals, and plaintiff agreed to furnish an up-to-date abstract to defendant.

Defendant's attorney examined the abstract furnished by plaintiff and determined plaintiff's interest in the farm to be as set out in the first two paragraphs of this opinion, and testified he so advised the plaintiff. Plaintiff testified at the trial that defendant's attorney advised him that his mineral interest was 15.375 acres instead of 17½ acres. Plaintiff directed defendant's attorney to prepare two deeds to convey the property: one to convey the surface rights and the other to convey the mineral rights.

Defendant's attorney prepared the two deeds which were properly executed by plaintiff and his wife and delivered to defendant. One was entitled "Joint Tenancy Warranty Deed" (hereafter called warranty deed) which conveyed to Guy H. James and Manila I. James as joint tenants "the following described real property and premises * * * together with all improvements thereon and appurtenances thereunto belonging, and warrant the title to the same." The property described was the 415 acre farm. The other deed was en-

titled "Mineral Deed" (hereafter called mineral deed) and its pertinent part provided that George D. Kerr and Nona M. Kerr, husband and wife,

" * * * do hereby grant, bargain, sell, convey, transfer, assign and deliver unto Guy H. James and Manila I. James, husband and wife, of Oklahoma City, Oklahoma, hereinafter called Grantee (whether one or more), an 15.37½/415ths *acres* in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in McClain County, State of Oklahoma, to-wit:

"The South Half (S½) and South Half of Northeast Quarter (S½ NE¼) and Southeast Quarter of Northwest Quarter of Northeast Quarter (SE¼ NW¼ NE¼) and South Half of Northeast Quarter of Northwest Quarter of Northeast Quarter (S½ NE¼ NW¼ NE¼) of Section Twenty (20), Township Seven (7) North, Range Three (3) West.

"(It is the intention of this deed to convey 15.37½ acres, together with any and all reversionary interests and mineral rights on royalty heretofore sold that was not perpetual royalty.)

"containing 415 acres, more or less, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements."

The reversionary interest mentioned in the first paragraph of this opinion and referred to in the statement enclosed in parenthesis in the above mineral deed reverted in 1958. Plaintiff commenced this suit in 1959.

Defendants' answer prayed that title to the disputed property be quieted in them.

The trial court found the issues in favor of defendants and quieted title in them.

Plaintiff contends that the trial court committed error in that the judgment is inconsistent with one of the court's findings of fact which is:

"5. That two conveyances were drafted, but by scrivener's error, the conveyance of the surface also conveys the minerals, and failed to reserve and except them to the grantor, plaintiff herein. That the mineral deed conveyed the 15.375 acres of minerals together with all reversionary interests and mineral rights on royalty sold that was not perpetual royalty, to the defendants which they still own at this time."

Plaintiff in his petition had asked that the warranty deed be reformed to except the minerals from the conveyance. The trial court in two of the conclusions of law said:

"2. The only evidence of any mutual mistake in this case concerns the warranty deed, which may have erroneously conveyed more than just the surface, which is material only in the event the mineral deed is found to merit reformation.

*      *      *      *      *      *

"7. The plaintiff herein, at the time of sale, intended to sell all his right, title and interest to the entire surface and minerals. Unfortunately, he, alone, knew not the extent of his possessions. He has not met the burden of proof required to obtain reformation."

We have weighed the evidence as we should in an equitable suit such as this and agree with the trial court's conclusion of law number 2 that there was a mutual mistake in that the warranty deed conveyed more than it should have. Plaintiff argues that the effects of the after acquired doctrine are such that the trial court should have reformed the warranty deed to except the minerals therefrom. But there is no necessity to except the minerals from that deed, as we will show.

■ The rule applicable to this situation is stated in the second paragraph of the syllabus of Matlock v. Wheeler, Okl., 306 P.2d 325:

"Where an instrument as reduced to writing by a scrivener contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected so as to make it conform to their intention to the end that the parties be placed as they would have stood if the mistake had not occurred."

Our statutes on after acquired title, 16 O.S.1961 § 17, provides:

"All rights of a mortgagor or grantor in and to the premises described in the instrument and existing at the time *or subsequently accruing,* shall accrue to the benefit of the mortgagee or grantee, and be covered by his mortgage or conveyed by his deed, as the case may be." (Emphasis ours.)

■■ Thus, if the warranty deed is allowed to stand unchanged, any subsequent acquisition by plaintiff of any interest in the outstanding interests in the oil, gas and minerals underlying the farm would immediately vest in defendants. The warranty deed should have been reformed by the trial court in order that the parties be placed as they would have stood if the mistake had not occurred. Matlock v. Wheeler, supra. It should be reformed to accord with the trial court's conclusion of law number seven that plaintiff sold and conveyed all his right, title and interest in the 415 acre farm. This will limit the grant to the present interest of the grantor, and the covenant of warranty will then refer only to the right, title and interest of the grantor in the premises at the time of the conveyance. Reed v. Whitney, 197 Okl. 199, 169 P.2d 187.

Nevertheless, reforming the warranty deed as we have directed above works no change in the result of the trial court's judgment. It merely assures plaintiff of protection of rights in the future which the trial court's judgment failed to give.

■ We find that the weight of the evidence is to the effect that plaintiff intended to and did sell all his right, title and interest in the farm at the time of the conveyance. The two conveyances taken together accomplished that aim. In 15 O.S.1961 § 158, it is provided that:

"Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

In Pauly v. Pauly, 198 Okl. 156, 176 P.2d 491, we held that under the facts and because of the cited statute a deed and written contract were parts of the same transaction, and should be construed together, and the agreement given the same force and effect as if written into, and made a part of the deed. The evidence in that case was that prior to the delivery of the deed to real estate the grantees orally agreed that, if the grantor would not insist upon a reservation of the oil and gas, the grantees would, if oil and gas were thereafter found on the land, pay to the grantor a stated portion of the royalty payments received. Grantor delivered the deed and on the same day the oral agreement was reduced to writing and signed by grantees.

■ The two deeds in the instant case when construed together effectively convey all of plaintiff's right, title and interest in the premises at the time of the conveyance. We also find and hold that the trial court did not err in holding that the mineral deed was sufficient to pass the title of the reversionary interest to defendants.

The judgment of the trial court is affirmed as modified, in that the "Joint Tenancy Warranty Deed" is reformed by inserting in the granting clause preceding the description of the real property the words "all right, title and interest in and to."

Affirmed as modified.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.

IRWIN, J., concurs in result.